Deborah **DEYO**, Carroll S. **Flinn** and Sheila Bradley **Crenshaw**, Plaintiffs-Appellants,

v.

**CITY OF DEER PARK**, Defendant-Appellee.

No. 80–2100.

United States Court of Appeals, Fifth Circuit.

Dec. 23, 1981.

Dianne Richards, Houston, Tex., for plaintiffs-appellants.

Judy Trent Ellis, Washington, D. C., for EEDC.

David T. Lopez, Houston, Tex., for defendant-appellee.

Before AINSWORTH *, INGRAHAM and TATE, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellants Deborah Deyo, Carroll S. Flinn and Sheila Bradley Crenshaw were discharged from their jobs as meter readers by their employer, the city of Deer Park, Texas on February 2, 1977. Claiming that they were victims of sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the women lodged complaints one month later with the Equal Employment Opportunity Commission (EEOC), an initial step toward bringing suit in federal district court. Since no charges of discrimination may be filed with the Commission until they are referred to state authorities with jurisdiction over such matters, the EEOC notified the appropriate Texas officials of the appellants' charges. Before referring the charges to the state, however, the Commission began to process them by serving notices and questionnaires on the city. When the appellants later instituted a Title VII action in district court, the court concluded that the EEOC's pre-referral action with respect to the charges warranted entry of summary judgment in favor of the city. On appeal, the women argue that they

* Judge Ainsworth prepared the above opinion before his death December 22, 1981.

should not be held accountable for the EEOC's failure to abide by the proper sequence of proceedings under Title VII.[1] To resolve this issue, we must consider the complex, multistage procedure Title VII establishes for remedying claims of employment discrimination.

*Referral to State Authorities Under Title VII*

The EEOC commences administrative proceedings under Title VII once a charge is officially filed. 42 U.S.C. § 2000e–5(b). Following filing of a charge, the EEOC serves official notices on the parties accused and initiates an investigation to determine whether there is reasonable cause to believe that the charge is true. If it decides that such reasonable cause exists, the Commission is directed to attempt to eliminate the discrimination by "informal methods of conference, conciliation and persuasion." *Id.* Should it decide that no reasonable cause exists to believe the charge is true, the Commission is to dismiss it and notify the charging party. If a charge is dismissed, or if within 180 days[2] the Commission has not either initiated a lawsuit against the parties accused, or reached a conciliation agreement, the charging party is entitled to be officially notified of her right to sue. 42 U.S.C. § 2000e–5(f)(1).[3]

Section 706(b) of Title VII[4] provides, however, that where a qualifying state or local agency exists to remedy unlawful discrimination, "no charge may be filed . . . by the person aggrieved . . ." until sixty days after state proceedings have commenced, unless such proceedings have been earlier terminated. As the Supreme Court has explained, under Title VII "[i]nitial resort to state and local remedies is mandated, and recourse to the federal forums is appropriate only when the State does not provide prompt or complete relief." *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 65, 100 S.Ct. 2024, 2031, 64 L.Ed.2d 723 (1980). Thus, if referral to state authorities is required and has not occurred, the EEOC may not begin its inquiry into the merits of allegations of discrimination. The Commission, however, need not completely turn away grievants in such circumstances. In *Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), the Supreme Court approved a "deferral" procedure by which the EEOC refers a charge to appropriate state and local authorities on behalf of a grievant and defers its own action until the period of reference to the state or local agency expires. The charge is received by the EEOC but not "filed" within the meaning of the statute. In endorsing this procedure, the Court noted:

> Nothing in the Act suggests that the state proceedings may not be initiated by the EEOC acting on behalf of the complainant rather than by the complainant himself, nor is there any requirement that the complaint to the state agency be made in writing rather than by oral referral. Further, we cannot agree with the respondent's claim that the EEOC may not properly hold a complaint in "suspended animation," automatically filing it upon termination of the state proceedings.

*Id.* at 525–26, 92 S.Ct. at 618 (footnotes omitted).

---

1. The EEOC briefed and argued the case on appeal as *amicus curiae.*

2. The 180-day period begins to run upon filing of the charge or upon expiration of the period of reference to state authorities, whichever is later.

3. In a case where the party charged with a discriminatory employment practice is a government, government agency or political subdivision, the Attorney General is authorized to bring suit and to notify the charging party of his right to sue.

4. Section 706(b) of Title VII, 42 U.S.C. § 2000e–5(c), provides in pertinent part:

   In the case of an alleged unlawful employment practice occurring in a State, . . . which has a . . . law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such a practice . . ., no charge may be filed . . . by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State . . . law, unless such proceedings have been earlier terminated.

Referral need not occur in all states. The requirement arises only when a state or local agency satisfies the three requirements of § 706(b). The acts alleged must constitute an unlawful employment practice under Title VII; they must violate a state or local law; and the state or locality must have established or authorized some agency to remedy the violation or to seek criminal penalties. *White v. Dallas Independent School District*, 581 F.2d 556, 558–59 (5th Cir. 1978) (en banc); 42 U.S.C. § 2000e–5(c). The EEOC's regulations reiterate these requirements.[5] In Texas, Vernon's Ann. Civ.St. Art. 6252–16,[6] authorizing criminal prosecutions against state and local officials who discriminate unlawfully in enumerated state activities, has been held to require referral when its provisions are violated. *White v. Dallas Independent School District, supra*, 581 F.2d at 561; *Nueces County Hospital District v. EEOC*, 518 F.2d 895, 897 (5th Cir. 1975). Thus, the EEOC was obliged to defer action in this case while the charge was referred to the local district attorney, the official empowered to act under the Texas statute.

Instead of referring the matter immediately to the district attorney, however, the EEOC began processing the charges.[7] The Commission served notices on the city on March 9, 1977, one week after the charges were filed. Enclosed with the notices were offers from the EEOC to engage in "pre-determination settlement" before an investi-

gation in each case, and questionnaires to be completed if the city declined the offer.[8] Thereafter the EEOC apparently suspended any further activity regarding appellants' charges. Each woman received a copy of a letter by the EEOC dated April 4, 1977 referring her charge to the local district attorney. The district attorney informed the women by letters of April 19, 1977 that no criminal prosecutions would be brought in connection with their charges, effectively terminating state proceedings and activating EEOC jurisdiction. *Love v. Pullman Co., supra*, 404 U.S. at 524, 92 S.Ct. at 617; *Saulsbury v. Wismer and Becker, Inc.*, 644 F.2d 1251, 1256 (9th Cir. 1980); *White v. Dallas Independent School District, supra*, 581 F.2d at 561 n.7; *Waters v. Heublein, Inc.*, 547 F.2d 466, 469 (9th Cir. 1976), *cert. denied*, 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100 (1977). On August 4, 1977, appellants' counsel received a letter from the EEOC's district counsel advising her that her clients' charges had yet to be assigned for investigation. Referral to state officials thus occurred, but only after some preliminary activity by the EEOC.[9]

After receiving statutory notice of their right to sue, 42 U.S.C. § 2000e–5(f)(1), the appellants joined in the present action. The city moved for summary judgment, contending that the EEOC's pre-referral actions vitiated its later referral. Evidently persuaded by this rationale, the district

---

**5.** Regulations in force when plaintiffs brought their charges, 29 C.F.R. § 1601.12(c) (1977), and current regulations, 29 C.F.R. § 1601.70(a) (1980) restate the statutory language.

**6.** Article 6252–16 provides, in relevant part:
Section 1. (a) No officer or employee of the state or of a political subdivision of the state, when acting or purporting to act in his official capacity, may:
(1) refuse to employ a person because of the person's race, religion, color, sex or national origin;
(2) discharge a person from employment because of the person's race, religion, color, sex or national origin.

.    .    .    .    .

**7.** The relevant facts concerning the EEOC's actions are undisputed.

**8.** The questionnaires sought information regarding the circumstances of discharge, employer discharge procedures, job descriptions and treatment of other employees.

**9.** In summary, the chronology of events is as follows:

| | |
|---|---|
| February 2, 1977 | Appellants discharged |
| March 2 | Charges by appellants received by EEOC |
| March 9 | Notices and questionnaires from EEOC received by employer |
| April 4 | EEOC refers charges to district attorney |
| April 19 | District attorney declines to proceed |

court entered summary judgment in favor of the city.

*Effect of EEOC Error*

■ Title VII's referral requirement establishes duties for both the grievant and the EEOC. Section 706(b) specifies that no charge may be filed with the EEOC until it has been referred to state authorities and state proceedings have ended or sixty days have passed, whichever comes first. The Commission must refrain from executing its post-filing responsibilities with respect to a charge—notice, investigation, determination of reasonable cause, and conciliation— until the charge has been referred to state officials and the statutory period of reference has expired. *Mohasco Corp. v. Silver*, 447 U.S. 807, 816–17, 100 S.Ct. 2486, 2492, 65 L.Ed.2d 532 (1980).[10] The individual grievant must resort to state remedies as a prerequisite to federal relief. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 758, 99 S.Ct. 2066, 2073, 60 L.Ed.2d 609 (1979). Two avenues are available for a complainant to satisfy this requirement. First, she obviously can approach state authorities on her own initiative and assert her claim. Alternatively, under *Love*, she can bring her complaint to the EEOC and rely on it to refer the matter to the appropriate state agency.

■ By serving notices and questionnaires on the city in this case, the EEOC failed to allow the state the requisite period of exclusive jurisdiction under § 706(b) before taking action with respect to the charges. The appellants' duties were satisfied, however, by the EEOC's later referral of their charges to the district attorney. The appropriate Texas officials were afforded an opportunity to act upon the charges, but declined to do so. No further statutory barrier to the appellants' invocation of EEOC assistance remained.

With their burden met by the referral to the district attorney, the appellants bore no responsibility for the Commission's failure

to heed the statutory directive to await commencement of state proceedings and either the passage of sixty days or the earlier completion of such proceedings before assuming jurisdiction over the charges. The Commission's failure to fulfill its post-filing responsibilities has been held not to affect the claims of individual grievants where Commission action lies beyond their control. In *Dent v. St. Louis-San Francisco Railway Co.*, 406 F.2d 399 (5th Cir. 1969), *cert. denied*, 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689 (1971), the EEOC neglected to promote conciliation between the parties. The defendants argued that conciliation attempts by the Commission were a jurisdictional prerequisite to an action by the aggrieved person under Title VII. The court rejected this argument:

> Section 2000e–5(e), ... very clearly sets out only two requirements for an aggrieved party before he can initiate his action in the United States district court: (1) he must file a charge with the Equal Employment Opportunity Commission and (2) he must receive the statutory notice from the Commission that it has been unable to obtain voluntary compliance. It is extremely important in these cases that both the spirit and the letter of Title VII reflect an unequivocal intent on the part of Congress to create a right of action in the aggrieved employee. The dismissal of these cases deprived the aggrieved employee of that right of action, not because of some failure on his part to comply with the requirements of the Title, but for the Commission's failure to conciliate—a failure that was and always will be beyond the control of the aggrieved party.

*Id.* at 403; *accord, Choate v. Caterpillar Tractor Co.*, 402 F.2d 357 (7th Cir. 1968). Similarly, in *Beverly v. Lone Star Lead Construction Corp.*, 437 F.2d 1136 (5th Cir. 1971), this court held that the EEOC's determination that the complainant lacked

---

**10.** *See* 42 U.S.C. § 2000e–5(d) (In the case of any charge filed by a member of the Commission ... the Commission shall, before taking any action with respect to such charge, notify the appropriate State or local officials and, upon request, afford them a reasonable time, but not less than sixty days ... to act....).

reasonable cause for his charge did not preclude his suit in district court, observing that "it seems completely unfair to nullify the grievant's complaint by a nonreviewable conclusion of the Commission, particularly when he has fully complied with the requirements of the statute." *Id.* at 1141. The Supreme Court approved this result in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 799, 93 S.Ct. 1817, 1822–23, 36 L.Ed.2d 668 (1973). *See Carr v. Conoco Plastics, Inc.*, 423 F.2d 57 (5th Cir.), *cert. denied*, 400 U.S. 951, 91 S.Ct. 241, 27 L.Ed.2d 257 (1970), (adopting district court opinion).

No question would be raised here regarding the appellants' compliance with § 706(b) if they had referred their charges to state authorities themselves, and the EEOC independently had processed them in violation of Title VII procedures. Likewise, *Love* permits the appellants to avail themselves of the referral to the proper state officials by the EEOC, but does not dictate that they suffer any adverse consequences because of the Commission's premature action.

Whether we should excuse on equitable grounds the appellants' failure to satisfy a statutory requirement is not an issue here. Unlike *White v. Dallas Independent School District, supra*, where we excused a failure to refer because the grievant was misled by the EEOC's deviation from its own regulations, *see Citicorp Person-to-Person Financial Corp. v. Brazell*, 658 F.2d 232 (4th Cir. 1981), the charges in this case were referred to state authorities. In short, the appellants were not culpable for any failure that might require excuse.

A possible source of confusion in district court concerned the city's interpretation of the Supreme Court's decision in *Mohasco.* That case considered the time limitations for filing a charge of discrimination under Title VII, 42 U.S.C. § 2000e–5(e). In states where referral to state authorities is required, claimants must file their charge within 300 days of the alleged unlawful employment practice. Construing this pro-

vision together with § 706(b), the Court concluded that since no charge may be validly filed until after referral to state authorities, such referral must occur within the 300-day limitations period. Because the period of reference consumes at most sixty days, filing a charge within 240 days of the alleged violation will "insure that ... federal rights will be preserved." *Mohasco Corp. v. Silver, supra*, 447 U.S. at 814, n.16, 100 S.Ct. at 2490–91 n.16. Here, following the EEOC procedure approved in *Love*, the appellants' charges were filed automatically upon the termination of state proceedings on April 19,[11] well within the 300-day limitations period. The Court reaffirmed its approval of this procedure in *Mohasco. Id.* at 816, 100 S.Ct. at 2492.

Accordingly, the entry of summary judgment is vacated and the case is remanded to the district court to permit the plaintiffs to proceed with their claim.

VACATED and REMANDED.

11. 29 C.F.R. § 1601.12(b)(1)(iii) (1977). For the current regulation, see 46 Fed.Reg. 43,037 (1981) (to be codified in 29 C.F.R. § 1601.13).