Mary McKEE, Plaintiff-Appellant,

v.

McDONNELL DOUGLAS TECHNICAL
SERVICES CO., INC., a corporation,
Defendant-Appellee.

No. 81–2406.

United States Court of Appeals,
Fifth Circuit.

March 18, 1983.

Rehearing and Rehearing En Banc
Denied May 26, 1983.

Opinion on rehearing, 5th Cir., 705 F.2d 776.

E. Grady Jolly, Circuit Judge, concurred in part and dissented in part and filed opinion.

David T. Lopez, Houston, Tex., for plaintiff-appellant.

Gerald T. Holtzman, Houston, Tex., for defendant-appellee.

Before RUBIN, RANDALL and JOLLY, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Mary McKee filed a claim against her employer, McDonnell Douglas Technical Services Company (McDonnell) alleging that the company was violating the Equal Pay Act[1] by paying her less than a male employee who performed the same or equal work. She later amended her complaint to allege a Title VII[2] claim based on the same facts. The district court, concluding that McKee had not filed a formal charge with the Equal Employment Opportunity Commission (EEOC), granted McDonnell's motion for summary judgment and dismissed the Title VII claim.[3]

McKee tried the Equal Pay Act claim to a jury, which found in response to special interrogatories that she neither performed work equal to that done by a male fellow employee nor had a job requiring the same skill, effort, and responsibility as his. Finding the evidence sufficient to support that verdict, we affirm the judgment for McDonnell on the Equal Pay Act claim. However, we conclude that a material issue of fact remained in dispute concerning the basis for dismissal of the Title VII claim: whether the EEOC's alleged refusal to accept McKee's charge in April of 1979 tolled the 180-day period within which such a claim must be filed. Therefore, we vacate the grant of summary judgment dismissing that claim.

I.

McKee first complains of an evidentiary ruling by the trial judge. After the court

1. 29 U.S.C. § 206(d)(1) reads in pertinent part:
No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any factor other than sex ....

2. It shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin ....
42 U.S.C. § 2000e–2(a) (1976).

3. After McDonnell sought dismissal of the Title VII claim, McKee filed a charge with the EEOC but, so far as the record shows, neither secured a right-to-sue letter nor amended her complaint in the district court to allege that she had complied with the statutory prerequisites to her Title VII suit. *See* 42 U.S.C. § 2000e–5(e), (f)(1) (1976).

had ordered witnesses to be sequestered and had directed them not to discuss their testimony with other witnesses, one of McDonnell's witnesses, McKee's immediate supervisor, Paul Ledoux, was seen talking to Peggy Dugge, another McDonnell witness. McKee's counsel asked that Ledoux's testimony be stricken. The court denied the request.

 Allowing the sequestration of witnesses is imparted to the discretion of the trial judge. It is equally within his discretion to determine whether the separation mandate has been violated and, if so, what sanctions, if any, should be imposed. *United States v. Berry,* 670 F.2d 583, 606 (5th Cir.1982) (en banc); *United States v. Brooks,* 303 F.2d 851, 853 (6th Cir.) (per curiam), *cert. denied,* 371 U.S. 889, 83 S.Ct. 184, 9 L.Ed.2d 122 (1962). A violation of the rule does not automatically bar the testimony of the errant witness. *United States v. Warren,* 578 F.2d 1058, 1076 n. 16 (5th Cir.1978) (en banc), *reaff'd on rehearing,* 612 F.2d 887, 891 (5th Cir.) (en banc), *cert. denied,* 446 U.S. 956, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980); *Easley v. United States,* 261 F.2d 276, 277 (5th Cir.1958) (per curiam).

 The record does not disclose that anything Ledoux and Dugge discussed was addressed on direct or cross-examination. Moreover, Ledoux's testimony on cross-examination was prejudicial to McDonnell and was used by McKee's counsel in closing argument to show that McKee had proved her case. We, therefore, find that the trial court did not abuse its discretion in refusing to strike Ledoux's testimony.

## II.

 McKee next argues that the evidence was insufficient to support the verdict for McDonnell on the Pay Act claim. In reviewing the district court's denial of a motion for judgment notwithstanding the jury's verdict, which calls into question the sufficiency of the evidence supporting that verdict, *see J & H Auto Trim Co. v. Bellefonte Insurance Co.,* 677 F.2d 1365, 1368 (11th Cir.1982), we consider the proof in the light most favorable to the verdict-winner and inquire whether evidence supporting the jury's conclusion is substantial. *See Boeing Co. v. Shipman,* 411 F.2d 365, 374–75 & n. 16 (5th Cir.1969) (en banc).

In summary, McDonnell's evidence showed that McKee and a male employee, Huckestein, worked as a team preparing a materials test data handbook. Huckestein was responsible for the generation, coordination, collection and dissemination of computer reports containing test data. McKee's primary responsibility, on which she spent 55 to 80 percent of her time, was encoding data for use in the computer.

Huckestein did no encoding but was responsible for all computer work and test coordination necessary to produce the handbook. When Huckestein later resigned, McDonnell changed the structure of the project. It divided Huckestein's responsibilities into two jobs: the performance of the computer-related activities and the testing work. McKee, offered her choice of jobs, chose the testing work. She continued her encoding work until an in-house computer terminal became operational and obviated the need for encoding. McKee admitted that, after Huckestein's departure, she assumed no responsibility for the computer system. In sum, she never worked on the function that had occupied a majority of Huckestein's time.

 In order to make out an Equal Pay Act claim, a plaintiff must demonstrate that the jobs in question require equal effort, skill, and responsibility, *see* 29 C.F.R. §§ 800.125–.130 (1981), and are performed under similar working conditions. *Id.* §§ 800.131, .132. The plaintiff must meet each test in order to demonstrate a Pay Act violation. Here, there was ample evidence to support the jury's verdict that McKee failed to show that the jobs were substantially the same. *See Angelo v. Bacharach Instrument Co.,* 555 F.2d 1164, 1173 (3d Cir.1977); 29 C.F.R. § 800.120 (1981). Fairminded jurors in the exercise of impartial judgment might have reached this conclusion on the record. That is enough to sup-

port the verdict. *Boeing Co. v. Shipman,* 411 F.2d 365 (5th Cir.1969) (en banc).

### III.

■ We turn to the summary judgment dismissing McKee's Title VII claim. Summary judgment is appropriate only when there is no genuine issue of material fact. *See, e.g., EEOC v. Brown & Root, Inc.,* 688 F.2d 338, 339 (5th Cir.1982); Fed.R.Civ.P. 56(c). McKee submitted evidence in affidavit form, admissible under Fed.R.Civ.P. 56 for the purpose of raising such an issue of fact, that she went to the Houston office of the EEOC to file a complaint against McDonnell on April 11, 1979, after she did not receive a promotion that she was allegedly promised in December, 1978. An EEOC employee did not accept the charge but suggested that McKee file a complaint under the Equal Pay Act[4] with the United States Department of Labor (DOL). McKee deposed that, after unsuccessful efforts to obtain the remedy she sought through the DOL, she returned to the EEOC office and an unidentified employee refused to accept her claim.

After McKee amended her complaint in the district court to allege a Title VII violation, McDonnell moved to dismiss that claim for lack of subject-matter jurisdiction because McKee had neither filed a timely charge with the EEOC nor received a right-to-sue letter as required by 42 U.S.C. §§ 2000e–5(e), (f)(1) (1976). McKee then (on June 13, 1980) filed a formal charge with the EEOC claiming that she was being discriminated against because of her sex, that she was being paid less than a male employee (Huckestein) who was doing the same job as she was, and that she was being adversely affected by McDonnell's policy, unrelated to her work duties, of requiring an engineering degree. She further claimed that McDonnell's other female employees had complained of sexual harassment and discrimination by company officials. The record does not indicate whether McKee had made these same allegations when she visited the EEOC with the intention of filing a charge in April, 1979 and was referred to the DOL.

In *Zipes v. Trans World Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that a federal court is not deprived of subject-matter jurisdiction over a Title VII case simply because a plaintiff fails timely to file a charge with the EEOC. The Court held that the time requirement is in the nature of a limitation period, subject to waiver, estoppel, and equitable tolling. *Id.* at 393, 102 S.Ct. at 1132, 71 L.Ed.2d at 243; *see Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 588, 591–93 (5th Cir.1981) (en banc) (and cases cited therein).

■ EEOC regulations do not vest Commission officials with discretion to turn away complainants. 29 C.F.R. § 1601.6 (1981) states: "The Commission *shall* receive information concerning alleged violations of Title VII from any person. Where the information discloses that a person is entitled to file a charge with the Commission, the appropriate officer *shall* render assistance in the filing of a charge." (emphasis added).[5] Nowhere is the Commission given discretion to refuse a valid allegation of a Title VII violation except that "[a] charge which raises a claim exclusively under section 717 of Title VII [42 U.S.C. § 2000e–16 (1976)] shall not be taken and

---

**4.** The DOL was responsible for enforcing the Act at the time McKee sought to file her charge. Under President Carter's reorganization plan submitted to Congress on February 23, 1978, responsibility for Equal Pay Act enforcement shifted to the EEOC on July 1, 1979. Reorganization Plan No. 1 of 1978, 43 Fed.Reg. 19,807, 92 Stat. 3781, *reprinted in* 42 U.S.C. following § 2000e–4 (Supp. III 1979). The DOL investigator who handled McKee's claim noted the EEOC's pending assumption of Pay Act enforcement duties and pressed McDonnell for a quick response to his request that McKee's salary be raised to a level commensurate with Huckestein's former salary and that she be paid two years' back pay.

**5.** The identical wording appeared in the 1978 regulations. 29 C.F.R. § 1601.6 (1978).

shall be referred to the appropriate agency." 29 C.F.R. § 1601.19 (1981).[6]

■ McKee's claim filed in June 1980 alleged facts that would have entitled her to file a charge had those facts been related to an EEOC official during her April, 1979 visit to the Commission. This conclusion is inescapable in light of the Supreme Court's decision in *County of Washington v. Gunther,* 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981). The Court in *Gunther* held that a Title VII cause of action may be asserted on the basis of wage discrimination premised on sex even though the claim does not support an Equal Pay Act violation. *Id.* at 181, 101 S.Ct. at 2254, 68 L.Ed.2d at 767. McKee's later-filed EEOC complaint also raised issues not addressed in her Equal Pay count. Therefore, as McDonnell's counsel conceded at oral argument, McKee can assert claims under Title VII that are not barred by the judgment entered on the jury's verdict.

Therefore, if McKee presented the same allegations when she visited the Commission in April, 1979, that she made in June, 1980, she had claims not precluded by DOL jurisdiction over the Equal Pay Act charge, and the Commission should have accepted her complaint. In *Deyo v. City of Deer Park,* 664 F.2d 518, 522 (5th Cir.1981), we held that a plaintiff bears "no responsibility for the Commission's failure to heed the statutory directive" with regard to post-filing responsibilities under the statute. The same principle applies to duties self-imposed by EEOC regulations. "[A] complainant is not charged with the failure of the EEOC to fulfill procedural requirements imposed upon it by statute. The same principle relieves the complainant from the conse-

quences of a failure of the EEOC to follow the procedures it has imposed upon itself. . . . The complainant is not to be prejudiced by the EEOC's failure to fulfill its duty." *Williams v. Owens-Illinois, Inc.,* 665 F.2d 918, 923 n. 2 (9th Cir.) (citations omitted), *cert. denied,* —— U.S. ——, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982).

The Eighth Circuit applied the same precept in *Jennings v. American Postal Workers Union,* 672 F.2d 712 (8th Cir.1982), in which the plaintiff alleged that the EEOC refused to accept her complaint on the ground that it lacked jurisdiction over the charge, and the defendant asserted that her later-filed complaint should be dismissed as untimely. The court held that, if the district court found that the facts alleged by the plaintiff were true, "her charge should be deemed timely. An uncounseled plaintiff should not be penalized for the EEOC's mistake of law." *Id.* at 715. *See Wilson v. St. Louis-San Francisco Railway,* 673 F.2d 1152, 1153 (10th Cir.1982) (tolling appropriate when EEOC failed to inform plaintiff how to preserve his rights under Title VII); *Citicorp Person-to-Person Financial Corp. v. Brazell,* 658 F.2d 232, 235 (4th Cir.1981) (no basis for equitable tolling when "[e]ven though there may be some explanation of [plaintiff's] mistake, . . . it was her mistake. It was not induced by the EEOC . . . ."); *see also Price v. Southwestern Bell Telephone Co.,* 687 F.2d 74, 79–80 (5th Cir. 1982) (reserving question whether tolling occurred on facts of case).[7]

■ In this case the affidavits that were before the district court raised a material factual issue whether McKee's April, 1979 visit to the EEOC tolled the filing requirement, making the charge filed in

---

**6.** The regulations expressly provide for the *dismissal* of a charge under certain circumstances. The Commission is to dismiss a charge when it determines from the face of the complaint, from the complainant's statements, or from its own investigation that the charge is not timely filed or otherwise fails to state a claim under Title VII. 29 C.F.R. § 1601.19(a) (1981). The Commission is to dismiss a charge when, after investigation, it concludes that there is not reasonable cause to believe that Title VII has been violated. *Id.* § ·1601.19(b). The Commission is

to dismiss a charge when the complainant fails to provide necessary information or otherwise to cooperate with the Commission, *id.* § 1601.-19(c), or cannot be located. *Id.* § 1601.19(d).

**7.** Contrary to the suggestion in the dissent, we lay no blame on the EEOC. Whether it was at fault is not the issue before us. What is relevant is that the charge that an aggrieved party attempted to file, without counsel, was rejected "through no fault of her own."

June, 1980 timely.[8] *See generally Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 595 (5th Cir.1981) (en banc). That question can only be resolved by determining whether McKee's complaint, if filed in April, 1979, would have been timely; whether McKee presented the EEOC at that time with the same allegations she presented on her June, 1980 visit, and whether "equity clearly mandates the tolling of the [filing] period . . . ." *Waiters v. Robert Bosch Corp.,* 683 F.2d 89, 92 (4th Cir.1982).

The district court erred in granting summary judgment for McDonnell without considering the tolling question. On remand, the district judge should develop the factual record and apply the principles we have discussed. We also note McDonnell's argument that the charge would have been untimely in April, 1979 because over 400 days had elapsed since Huckestein's departure. McKee contends that the 180-day filing period did not begin to run until December, 1978, when she did not receive the promotion McDonnell had allegedly promised her. *See Hall v. Ledex, Inc.,* 669 F.2d 397 (6th Cir.1982) (filing period did not run while employer was reevaluating employee's pay grade); *Coke,* 640 F.2d at 595 (allegation of employer's misrepresentation of intention to reinstate raised genuine issue of material fact). McKee alternatively argues that the violation was of continuing nature, rendering her April, 1979 attempt to file timely. *See generally Williams v. Owens-Illinois, Inc.,* 665 F.2d 918 (9th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982); *London v. Coopers & Lybrand,* 644 F.2d 811 (9th Cir.1981); *Satz v. ITT Financial Corp.,* 619 F.2d 738 (8th Cir.1980). The district court should address these contentions in deciding whether the April, 1979 visit could have resulted in a timely filing.[9] We express no opinion concerning whether it will be possible on remand to eliminate all genuine dispute about material issues and thus to make summary judgment possible.

Whether the lack of EEOC investigation and conciliation efforts constitutes such prejudice to McDonnell as to preclude tolling as a result of McKee's visit is an issue for the district court to consider on remand. We have repeatedly held that a court may consider claims "reasonably related" to the charges in the administrative filing. *E.g., Harrell v. Northern Electric Co.,* 672 F.2d 444, 446 (and cases cited therein), *modified per curiam on other grounds,* 679 F.2d 31 (5th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 449, 74 L.Ed.2d 603 (1982). *Cf. Eggleston v. Chicago Journeymen Plumbers' Local 130,* 657 F.2d 890, 905 (7th Cir.1981) (if party not named in EEOC charge has received adequate notice of the charge and has participated in conciliation proceedings, charge is sufficient to confer Title VII jurisdiction), *cert. denied,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). The determination whether the claims were so related is, of course, for the district court. We express no opinion on that question.

On remand the district judge may conclude that McKee's 1979 visit to the EEOC tolled the filing requirement. If he does, it is evident why he should have heard the Title VII claim along with the Pay Act claim. At the time the judge granted summary judgment, he and all of the parties were aware that McKee had filed a charge with the EEOC. Her failure formally to amend her complaint to assert that fact neither obliterated the event nor authorized

---

**8.** The entire case does not, as the dissent suggests, turn on the plaintiff's failure to amend her complaint. What was before the district judge was a motion for summary judgment; he was not bound by the allegations of the complaint in deciding that motion. The district judge and McDonnell both knew, and the record reflects that, before the summary judgment was rendered McKee had filed a charge with the EEOC. Of course, it would have been better practice for her attorney to have stated in the amendment that a charge had been filed. But the plaintiff should not be penalized for her counsel's failure to include in formal pleadings what the record showed and what everyone knew.

**9.** We neither decide nor intimate that an action under Title VII may be maintained without a charge having been filed with the EEOC. It is undisputed that McKee *did* file a charge; the question for decision is whether that charge was filed timely.

the judge to ignore it. To require the assertion of the claim in a separate suit may prejudice McKee by permitting the argument that some or all of her claim has been extinguished by the statute of limitations. To permit it to be tried together with the other claims, before the same judge, economizes both on litigation expense and judicial effort.

The judgment of the district court in favor of McDonnell on the Equal Pay Act claim is AFFIRMED. The grant of summary judgment in favor of McDonnell on the Title VII claim is VACATED and the case is REMANDED to the district court for proceedings consistent with this opinion.

E. GRADY JOLLY, Circuit Judge, concurring in part and dissenting in part:

I concur with the majority opinion except as to its handling and disposition of the Title VII aspects of this case.

With respect to the Title VII claim, the panel's opinion means well, but is misguided in its attempt to reach a given result. I therefore dissent.

The result reached by the district court is correct. The defendant specifically raised the defenses of failure to file a charge with the EEOC and the failure to obtain a right-to-sue letter. Although the plaintiff had ample time to amend her complaint to allege the filing of a charge and to secure a right-to-sue letter, at the time the district court dismissed the Title VII claim *without prejudice,* the plaintiff had done neither. Under these circumstances, the district court's ruling was proper. Upon the district court's dismissal, the plaintiff could have obtained a right-to-sue letter and amended her complaint immediately and proceeded to litigate her Title VII claim. To this day the complaint remains unamended and, as far as the record reveals, the plaintiff has not requested her right-to-sue letter from the EEOC. Whether the plaintiff's failure to take action resulted from her negligence or from a deliberate course, we do not know. We do know, however, that in her June 16, 1980, Brief in Opposition to the Motion to Dismiss, McKee noted that she had now filed a formal EEOC charge and, should her Title VII claim be dismissed, she could pursue her Title VII case in a *"separate action* regardless of the outcome of this case." As far as the record reflects that charge is still pending, without any steps on the part of the plaintiff to initiate action thereon.

Unless it is the position of the majority that the trial judge had a duty to direct the pleadings of the plaintiff to decide stratagems of the plaintiff, and to try her case, the district court acted properly in dismissing without prejudice claims with respect to which the plaintiff failed and refused either to fulfill or plead the conditions precedent or the jurisdictional basis.

Furthermore, for essentially the reasons I have set out above, I am puzzled by the majority's laying the full blame of the plaintiff's predicament at the feet of the EEOC. This is especially true when it is clear that the EEOC did not act in dereliction of its duty. It is undisputed that the gravamen of the plaintiff's complaint at all times has been that on account of her sex she received less pay than a male performing the same duties—a classic and typical Equal Pay Act claim. At the time she appeared at the EEOC to file her complaint against the defendant, the Department of Labor, not the EEOC, was responsible for enforcing the Equal Pay Act. The responsibilities for enforcing equal pay claims were not administratively shifted to the EEOC until July 1, 1979, under a reorganization plan submitted by President Carter to the Congress. Thus the EEOC acted properly in referring her to the Department of Labor on April 11, 1979. That equal pay was the gravamen of her complaint, if not the sole basis, is underscored by the later amendment of her complaint in the district court to allege a Title VII violation. No independent violations of Title VII were alleged, only her claims for equal pay.

Nevertheless, the ultimate prejudice, if any, suffered by the plaintiff resulted, not from the actions of the EEOC, but from her own failure to follow the statutory procedure of obtaining a right-to-sue letter and

amending her complaint in court, as I have noted above.

The reasons for the majority's concern about the possible prejudice that the plaintiff may suffer are not fully evident to me. The plaintiff, in my opinion, is entitled to pursue her claim for equal pay under theories peculiar to Title VII if she meets the statutory conditions precedent. If she had met the statutory procedural requirements, she could have urged her claim under both Title VII and the Equal Pay Act in the proceeding below. She is not precluded, under the facts presented here, from obtaining her right-to-sue letter from the EEOC and filing a new lawsuit limited to her claims under Title VII. Dismissal of her claims in this proceeding were "without prejudice" to raising these claims in a new action. At oral argument, McKee's counsel stated that he would not object to going forward with a new case under the pending EEOC charge as long as his client's rights were protected. Cases of both this court and of the Supreme Court have recognized that statutes of limitation and periods of limitation may be tolled for equitable reasons. Here those equitable considerations plainly obtain. The plaintiff presented herself to the EEOC, ready, willing and able to file a charge, and through no fault of her own was rejected and referred to the proper governmental agency. Clearly, these are grounds for the equitable tolling of the periods of limitation and the statute of limitation under Title VII. Furthermore, the doctrines of *res judicata* or equitable estoppel do not apply here where the plaintiff attempted to raise her claim in the previous case but was precluded by procedural rulings of the district court for jurisdictional reasons. It is undeniable that her claim in this case was dismissed without prejudice to her right to institute a new action under Title VII.

Frankly, it is difficult to see how, as a practical matter, the case of the plaintiff is prejudiced. She has had her day in court on her claim of denial of equal pay for equal work. That is the gravamen of her Title VII claim and, as it is largely based on the same facts as her rejected claim, it would seem improbable, under the circumstances presented in this record, that she will prevail.

In short, what is involved here today, I am afraid, is much ado about nothing except for waste of court time and legal costs.

The reason, therefore, that I file this dissent is that I think that the panel opinion in its application of the law in regard to forgiving the statutory requirements of Title VII is a thing to be much regretted. The opinion attempts to leave the impression that the filing of a written charge with the EEOC is not jurisdictional to the institution of a complaint under Title VII in the federal district courts. It cites *Zipes v. Transworld Airlines* and other related cases as holding that a *timely* charge is not jurisdictional but rather can be equitably tolled. I would have no problem holding at this time on the record before us that the plaintiff's appearance at the EEOC in 1979 tolled all *limitation* periods with respect to Title VII. But *Zipes* is not at all apposite to the question I address. The question of the timeliness of the charge is not now at issue, but rather, as far as the pleadings in this case are concerned, that no charge has been filed at all. Neither *Zipes* nor any other case of the United States Supreme Court, nor any case in this circuit of which I am aware, has ever held that the filing of a Title VII charge at least by some party plaintiff is not a jurisdictional requirement.

If the panel opinion hopes to leave the impression that the filing of a written charge with the EEOC is merely a condition precedent and not jurisdictional, and hence can be waived, either in terms of fulfilling or pleading, it should say so in plain, unmistakable language. Even if we here treat the filing of a charge as a mere condition precedent, it clearly was not waived, as a matter of pleading, in this case. The defendant specifically pled that the conditions precedent had not been met. To this very day there has been no amendment to the complaint to allege that either a charge has been filed (which it has) or that a right-to-sue letter has been received (which it has not).

Are we truly to say that it is too troublesome, too demanding, too difficult or arcane, to ask that the plain language of the statute and the simple rules of pleading be followed by an attorney who is a member of the Bar of this court.

Because of the majority's failure to come plainly to grips with the tough questions that present obstacles to the result the majority seeks to achieve, the remand becomes a conundrum. The opinion speaks of a remand to determine "the tolling question." The tolling question alone settles nothing. If the complaint remains unamended and no right-to-sue letter has been obtained, the problem is not "tolling." Tolling relates to the statute of limitations. The issues on remand are waiver of a written charge and waiver of the right-to-sue letter since the Amendment to the Complaint setting forth the Title VII claim alleges neither. Whether there can be a waiver either to the fulfillment of the statutory requirement or to such an allegation depends upon whether a written charge is jurisdictional or merely a condition precedent. The panel opinion brushes this question aside and refuses to address it even though its determination would seem essential before the district court can act.

In conclusion, there seems to me a simple and fair way to decide this appeal under standards ordinarily applicable to all parties and lawyers which is also fair to the plaintiff-appellant. First, we should simply affirm the district court in all respects, including its dismissal of the Title VII claims without prejudice. The plaintiff's EEOC charge is still pending. She can now request a right-to-sue letter, initiate a new complaint pleading all statutory prerequisites, and on the basis of the record in this case, plus what additional evidence she wishes to offer, present her arguments that the facts adduced constitute a violation of Title VII. The court at that time could decide all tolling questions raised by the majority.

At least this way of handling the case avoids an opinion that inches toward the ultimate result of obliterating all statutory requirements to the filing of Title VII suits, a result which I think is a rejection of sound rules and orderly processes, not to mention plain statutory language and congressional intent.

For these reasons I dissent from the panel opinion as it applies to the plaintiff's Title VII claims, and wish the district court the best in sorting out the procedural problems we present it.