**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHAU T. BISHOP,
Plaintiff-Appellant,

v.

HAZEL & THOMAS, PC,
Defendant-Appellee,

and

PITNEY BOWES MANAGEMENT
SERVICES,
Defendant.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
Amicus Curiae.

No. 97-2284

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-96-1839-A)

Submitted: May 12, 1998

Decided: July 1, 1998

Before LUTTIG and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James L. Kestell, Michael P. Deeds, KESTELL & ASSOCIATES, Washington, D.C., for Appellant. Merrell B. Renaud, HAZEL & THOMAS, P.C., Falls Church, Virginia, for Appellee. C. Gregory Stewart, General Counsel, Vincent J. Blackwood, Acting Associate General Counsel, Susan L.P. Starr, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Washington, D.C., for Amicus Curiae.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Chau Bishop appeals the district court's grant of summary judgment in favor of Hazel & Thomas in Bishop's employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 (1994). We affirm, although on alternate grounds.

Chau Bishop, a Vietnamese woman, was employed by Ameriscribe Management Services (Ameriscribe).[1] Ameriscribe entered into a contract with Hazel and Thomas (H&T), a law firm, to staff and manage a full-service mail/messenger center at H&T's office. Bishop was assigned to work in the mail center, copying documents and sending faxes. In March 1993 Chau's supervisor, Dyrol Prioleau, promoted Bishop to the position of supply clerk.

Bishop had no prior training in operating a supply room, and received no training after being assigned to that position. Bishop was often unfamiliar with the names of supplies or where they were located. Bishop had problems filling orders because English is her

_____

[1] Pitney Bowes is the successor company to Ameriscribe.

2

second language, and she had trouble communicating with H&T employees. Secretaries at H&T stated that Bishop had trouble understanding them, and that communicating with her was difficult because she was unfamiliar with the names of many of the supplies and had a heavy accent. H&T secretaries stated that they would have to describe to Bishop the supplies they needed, that it took Bishop a long time to find the requested supplies and that they would have to go into the supply room and retrieve the articles themselves.

On April 29, 1993, the secretaries had a routine monthly meeting. During the course of the meeting, one of the secretaries stated that an interpreter was needed in the supply room. At that point some of the other secretaries began to laugh and mock Bishop. The next day, Prioleau met with the Human Resources director at H&T, Linda Manson. Manson stated that office productivity was diminished because of Bishop's work performance, and requested that Prioleau address the problem. Prioleau removed Bishop from the supply room and Ameriscribe terminated her.

Bishop filed a complaint of national origin discrimination with the Fairfax Human Rights Commission in June 1993, naming only Ameriscribe as the respondent. The Commission sent a copy of Bishop's complaint to the EEOC for dual filing purposes. The EEOC notified Ameriscribe of Bishop's complaint and investigated Bishop's complaint relative to Ameriscribe. There is no indication that the EEOC notified H&T of the pending charges against Ameriscribe.

In December 1996, Bishop filed the instant action under Title VII against both H&T and Pitney Bowes, contending that she was discriminated against on the basis of her national origin when she was fired. Both Defendants filed motions for summary judgment. The district court denied Pitney Bowes' motion, but granted H&T's motion. The district court held that as to H&T, there was no evidence showing that H&T directed or suggested that Bishop be fired. Bishop appealed from the district court order granting summary judgment to H&T.[2]

_____

[2] Although Bishop's notice of appeal was prematurely filed, see Robinson v. Parke-Davis & Co., 685 F.2d 912, 913 (4th Cir. 1982), we have jurisdiction over this appeal in accordance with the doctrine of cumulative finality. See Equipment Fin. Group, Inc. v. Traverse Computer Brokers, 973 F.2d 345, 347 (4th Cir. 1992).

3

Subsequently, the case against Pitney Bowes was settled, and the case was voluntarily dismissed under Federal Rule of Civil Procedure 41(a)(1).

It is undisputed that Bishop failed to name H&T as a respondent in her EEOC charge, as required by Title VII. See 42 U.S.C. § 2000e-5(f)(1); Alvarado v. Board of Trustees, 848 F.2d 457, 458-59 (4th Cir. 1988). H&T did not receive notice from Ameriscribe of a pending EEOC investigation, nor did H&T have an opportunity to participate in the administrative conciliation process. Accordingly, the dual purposes of EEOC administrative proceedings, notice and an opportunity to secure voluntary compliance with the law, were not served. See Virgo v. Riviera Beach Assoc., Ltd., 30 F.3d 1350, 1358 (11th Cir. 1994); Alvarado, 848 F.2d at 458-59. No recognized exception to the naming requirement is applicable. See Virgo, 30 F.3d at 1358; Alvarado, 848 F.2d at 458-59; EEOC v. American Nat'l Bank, 652 F.2d 1176, 1186 n.5 (4th Cir. 1981).[3]

Further, even assuming that H&T was named in the agency complaint,[4] Bishop fails to make out a prima facie case of national

_____

[3] Bishop contends that the Fairfax Human Rights Commission told her that she could only name her employer, Ameriscribe. Bishop contends that because her failure to name H&T was due to this misinformation, she should be allowed to proceed against H&T based on "equitable tolling." The doctrine of equitable tolling applies to toll the limitations period when, due to agency error or misinformation, a complainant fails to meet the time requirements for filing an agency complaint or for filing a civil action once a right to sue letter has been issued. See Conaway v. Control Data Corp., 955 F.2d 358, 362 (5th Cir. 1992); Gonzalez-Aller Balseyro v. GTE Lenkurt, Inc., 702 F.2d 857, 859 (10th Cir. 1983); McKee v. McDonnell Douglas Technical Servs. Co., 700 F.2d 260, 263-65 (5th Cir. 1983); Jennings v. American Postal Workers Union, 672 F.2d 712, 714-15 (8th Cir. 1982). Bishop does not contend that she ever attempted to file an EEOC complaint against H&T. Thus, equitable tolling does not apply.

[4] H&T contends that it was not Bishop's "employer," and thus cannot be liable under Title VII for sex discrimination. Bishop contends that H&T does not have to be Bishop's employer to be liable under Title VII, but that H&T can be liable because it discriminately interfered with Bishop's employment opportunities. The EEOC has filed an amicus brief addressing this issue. In light of Bishop's failure to name H&T as a respondent and her failure to make out a prima facie case of national origin discrimination, we need not address this issue.

4

origin discrimination. <u>See McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973); <u>William v. Cerberonics, Inc.</u>, 871 F.2d 452, 455 (4th Cir. 1989). She was often unfamiliar with the names of supplies and their location; she had trouble understanding and filling H&T employees' requests; H&T employees had difficulty understanding Bishop; often employees would have to retrieve the supplies themselves, or spend extra time describing the needed supplies. Secretaries at H&T and the H&T human resources director stated that Bishop's inefficiency and heavy accent diminished office productivity. Bishop thus fails to show that she was performing satisfactorily. <u>See Jiminez v. Mary Washington College</u>, 57 F.3d 369, 380 (4th Cir. 1995); <u>Williams</u>, 871 F.2d at 455.

We thus affirm the district court's grant of summary judgment in favor of H&T. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>