**Sylvia M. SLUSHER, Plaintiff,**

v.

**HERCULES, INCORPORATED, Defendant.**

**Civ. A. No. 78–0068–R.**

United States District Court, Virginia, Roanoke Division.

Oct. 23, 1980.

Harriet D. Dorsey, Blacksburg, Va., Donald W. Huffman, Roanoke, Va., for plaintiff.

Edwin C. Stone, Dale V. Matthews, Radford, Va., for defendant.

MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

The plaintiff, Sylvia M. Slusher, alleges a violation of the Age Discrimination in Employment Act (ADEA) as amended, 29 U.S.C. §§ 621 *et seq.* She contends that she was unlawfully terminated from employment by the defendant, Hercules, Incorpo-

rated, due to her age. This case is presently before the court on the defendant's motion for summary judgment for failure to file a notice of intent to sue within the 180–day period as required by the ADEA. For the reasons stated, the defendant's motion for summary judgment is denied.

I.

The pleadings show that the plaintiff is presently sixty years of age, and was employed by the defendant from 12 March 1951 to her termination in 1976. On 6 May 1976, the plaintiff was instructed by her supervisor to report to the company doctor's office. When she arrived, the doctor informed her she was being given a pension based on disability. She received a form notice entitled "Termination of Employment for Salaried and Wage Employees" dated 5/6/76. The plaintiff's name appears below that date, and below her name are the words "Effective Date of Termination", followed by the date 5/31/76. The plaintiff was paid her regular salary and employee benefits from 6 May through 31 May, at which time her employment was officially terminated by Hercules, Inc., and disability pension benefits began. The plaintiff did not actually work at Hercules, Inc. beyond 6 May 1976.

The plaintiff contends that her last day of employment was May 31, 1976, and that her formal filing on 16 November 1976 of intent to sue was within the 180–day time period required by the ADEA. The defendant contends that the plaintiff's last day of employment was 6 May 1976, and therefore she has not complied with the filing requirement of the statute.

II.

The plaintiff filed this action on 28 March 1978. At that time, Section 7(d) of the ADEA (29 U.S.C. § 626(d), herein "Section 626(d)") provided that no private civil action could be commenced under the ADEA until the individual alleging age discrimination had given the Secretary of Labor not less than sixty days notice of an intent to file the action. Section 626(d) further required that the notice be filed within 180 days after the alleged unlawful practice accrued.[1] The parties have submitted memoranda to the court, citing numerous cases to establish that the 180–day filing period begins on 6 May or, conversely, 31 May.

In the case before the court, the employer, Hercules, Inc., has prepared a "Termination of Employment" form to be given to employees. This form has a line entitled plainly "Effective Date of Termination". The date given the plaintiff as her "Effective Date of Termination" was 31 May 1976. By the terms of the notice, plus the fact that she was paid her regular salary and benefits until 31 May 1976, the plaintiff reasonably assumed that her employment terminated on 31 May 1976. There is no explanation in the record why the plaintiff did not work between 6 May and 31 May. However, it is clear from the record that the salary and benefits she received during that time were not due to accrued vacation time. *Compare Wilkerson v. Siegfried Insurance Agency, Inc.,* 621 F.2d 1042, 23 E.P.D. 30835 (10th Cir. 1980); *Monroe v. Penn–Dixie Cement Corp.,* 335 F.Supp. 231 (N.D.Ga.1971). Nor does the record indicate she was left on the payroll to receive severance pay. *Compare Bonham v. Dresser Industries, Inc.,* 569 F.2d 187 (3d Cir. 1978); *Payne v. Crane Co.,* 560 F.2d 198 (5th Cir. 1977). Further, the plaintiff has not delayed in filing this action. *Compare Morris v. Frank IX and Sons, Inc.,* 486 F.Supp. 728 (W.D.Va.1980); *Fulton v. NCR Corp.,* 472 F.Supp. 377 (W.D.Va.1979). After 25 years of employment, the plaintiff was informed on 6 May 1976 that, effective 31 May 1976, her employment was terminated. Hercules, Inc., having notified her of termination effective 31 May, and having paid her regular salary and benefits until 31 May, cannot now claim she was terminated on 6 May.

---

1. Section 626(d) was amended to permit the filing of a "charge alleging unlawful discrimination" rather than a notice of intent to sue. That amendment applies only to civil actions brought after 6 April 1978. *See* P.L. 95–256, Section 4(b), enacted 6 April 1978.

It appearing to the court that the plaintiff has complied with the ADEA 180–day filing requirement, the defendant's motion for summary judgment is denied.

The Clerk of this court is directed to send certified copies of this Memorandum Opinion to counsel of record.