Ernst G. LUTZ, Plaintiff,

v.

ASSOCIATION FILMS, INC. and Macmillan, Inc., Defendants.

No. 82 Civ. 6113 (DNE).

United States District Court, S.D. New York.

Dec. 27, 1982.

---

Ernst G. Lutz, pro se.

Melinda M. Sweet, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

EDELSTEIN, District Judge:

This is an action brought by plaintiff *pro se* alleging that the defendants terminated his employment because of his age in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* (the "ADEA"). Jurisdiction is predicated under 29 U.S.C. § 621 *et seq.*, 42 U.S.C. § 1981 and 28 U.S.C. §§ 1331 and 1343.

The plaintiff filed a complaint on September 14, 1982 and an amended complaint on September 30, 1982. The defendants filed an answer on October 13, 1982 and on November 23, 1982 the defendants moved pursuant to Fed.R.Civ.P. 12(b) and 12(h)(3) to dismiss the amended complaint. On December 14, 1982, the day after the return date of the motion to dismiss, the court held a pre-trial conference at which the parties addressed the pending motion. The basis of the defendants' motion to dismiss is the alleged failure of the plaintiff, Ernst Lutz ("Lutz"), to file a charge of age discrimination with the Equal Employment Opportunity Commission (the "EEOC") within the time period prescribed by § 626(d) of the ADEA.

Lutz was hired on November 24, 1965 by Association Films, Inc., an affiliate of Macmillan, Inc., as an accounts supervisor and in 1975 was promoted to manager of sales. On or about November 11, 1979, William N. Farlie, Jr., ("Farlie") the President of Association Films, Inc., informed Lutz that he was being replaced by a younger employee due to a reorganization of the sales personnel and because Lutz had purportedly performed unsatisfactorily. Lutz was fifty-six years old at that time.

Lutz claims that his termination was a result of a change in management policy to terminate older employees in favor of younger ones. Specifically, he claims that Farlie became President only two months before the termination and that Farlie had undertaken a policy of terminating older personnel. Lutz further claims that he had always received excellent evaluations for his work.

Defendants submitted to the court an affidavit of Donald S. Adams, former Vice President of Association Films, Inc., sworn to on December 17, 1982. The affidavit states that Lutz was advised on November 12, 1979 of the decision to terminate his employment and that Lutz requested Adams to intercede and persuade Farlie to extend the departure date until the end of the calendar year. Adams spoke to Farlie on behalf of Lutz, and Lutz was permitted to work through January 4, 1980. In response to the Adams affidavit, Lutz submitted a reply affidavit, sworn to on December 21, 1982. Lutz's reply affidavit states as follows: "The facts set forth in the Affidavit of Donald E. Adams I believe to be accurate except for the actual date of the conversation between myself and Donald E. Adams." ¶ 2, Reply Affidavit of Ernst G. Lutz. Thus, Lutz concedes that after he was notified of his impending termination, the decision to extend his departure date was made at his own request.

On October 15, 1980 Lutz filed a charge of age discrimination with the EEOC alleging that his termination was

based solely on his age and was a part of a policy by defendants to terminate older employees.[1] Defendants contend that the amended complaint should be dismissed because Lutz filed his charges with the EEOC 338 days after he was advised that he would be terminated and under § 626(d) of the ADEA charges must be filed within a 300 day limitation period.[2] Section 626(d) of the ADEA provides in pertinent part:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]. Such a charge shall be filed . . . (2) within 300 days after the alleged unlawful practice occurred.

■ Defendants argue that the alleged unlawful practice occurred on or about November 11, 1979 when Mr. Farlie advised Lutz of his impending termination. Lutz maintains that "my cause of action would not arise until the actual discharge occurred" and thus the date from which to measure the commencement of the 300 day period is the date of his actual termination by defendants, January 4, 1980. See Affidavit of Ernst G. Lutz, Sworn to on November 29, 1982. Lutz filed his charge with the EEOC 286 days after the date of his actual termination. Thus the issues before the court are whether Lutz's notice of termination, or his actual termination should constitute the occurrence of an "alleged unlawful practice" for purposes of measuring the time requirement of § 626(d) and if it is whether Lutz's amended complaint should be dismissed.

Numerous cases involving similar situations have held that the date on which the employee's termination became effective, not the date when the employee received notification of his impending termination, is controlling. See Egelston v. State Univer-

sity at Geneseo, 535 F.2d 752, 755 (2d Cir. 1976); Moses v. Falstaff Brewing Corp., 525 F.2d 92, 94–95 (8th Cir.1975); Slusher v. Hercules, Inc., 500 F.Supp. 165, 166 (D.Va. 1980); Flaherty v. Itek Corp., 500 F.Supp. 309, 311 (D.Mass.1980). In addition, other decisions dealing with related fact situations have held that the last date of employment is the critical date. See Bonham v. Dresser Industries, Inc., 569 F.2d 187, 191–92 (3rd Cir.), cert. denied, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978); Davis v. RJR Foods, Inc., 420 F.Supp. 930, 931 n. 1 (S.D.N.Y.1976), aff'd, 556 F.2d 555 (2d Cir. 1977).

The Supreme Court, however, in Delaware State College v. Ricks, supra, recently held that the limitations period commences to run on the date when an employee first learns of his impending termination. In Ricks, the plaintiff, a college professor, was denied tenure. After Ricks received notification of the tenure decision he received an offer for and signed a one year contract to continue teaching. Ricks, after being discharged at the expiration of the one year contract, brought an employment discrimination claim and contended that the limitations period commenced when he ceased employment. The Court rejected the "final-date-of-employment rule" fashioned by the court of appeals, stating that: "Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." Supra, 449 U.S. at 257, 101 S.Ct. at 504 (citation omitted).

The court concludes that the decision in Ricks is controlling with respect to the instant case. The court further concludes that there are no circumstances present which would require invocation of the equitable tolling doctrine to excuse Lutz's delay. See Smith v. American President Lines,

1. On September 6, 1982, Lutz received a Notice of Right to Sue letter from the EEOC.

2. In states which have a local fair employment practice agency, an aggrieved person must file a charge of discrimination with the EEOC within 300 days of the date of the alleged discriminatory act. Delaware State College v. Ricks,

449 U.S. 250, 256 n. 7, 101 S.Ct. 498, 503 n. 7, 66 L.Ed.2d 431 (1980); Mohasco Corp. v. Silver, 447 U.S. 807, 810, 100 S.Ct. 2486, 2489, 65 L.Ed.2d 532 (1980); 42 U.S.C. § 2000e-5(e). New York has a fair employment practice agency, and accordingly Lutz had 300 days to file a charge of discrimination with the EEOC.

*Ltd.,* 571 F.2d 102, 109–11 (2d Cir.1978) (suggests that equitable tolling may only be appropriate in extraordinary situations such as where defendant has actively misled plaintiff); *Boothe v. New York Ass'n for the Blind,* 524 F.Supp. 736, 738 (S.D.N.Y. 1981). Accordingly, defendants' motion must be granted and the amended complaint is hereby dismissed.

SO ORDERED.