553 F.Supp. 1045 (1983)
Robert J. MOGLEY, Plaintiff,
v.
CHICAGO TITLE INSURANCE COMPANY, Defendant.
No. 82-873C(3).
United States District Court, E.D. Missouri, E.D.
January 13, 1983.
*1046 Lawrence J. Fleming, Clayton, Mo., for plaintiff.
Seyfarth, Shaw, Fairweather & Geraldson, William R. Sullivan, Jr., Chicago, Ill., Lewis, Rice, Tucker, Allen & Chubb, Michael P. Casey, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
FILIPPINE, District Judge.
This matter is before the Court on defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Both plaintiff and defendant have supplied the Court with memorandum in support of their respective positions.
Plaintiff's complaint, brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., alleges that defendant coerced plaintiff into agreeing to an early retirement package as an alternative to defendant's termination of plaintiff. Plaintiff avers this action on the part of defendant was the manifestation of defendant's discrimination against plaintiff because of his age. Defendant contends that plaintiff's action is barred by a release plaintiff signed when he took early retirement and that plaintiff's action is not maintainable in this Court because plaintiff did not file a timely charge of discrimination as is required by the ADEA. The Court finds that resolution of this second issue disposes of the matter.
Before an ADEA plaintiff may maintain an action in federal district court, he or she must first have filed a charge of discrimination within 180 days of the alleged unlawful practice. 29 U.S.C. § 626(d)(1). This requirement operates much like a statute of limitations and is not jurisdictional. Nielsen v. Western Electric Co., Inc., 603 F.2d 741, 743 (8th Cir.1979). The real issue in this matter is when the 180 day period began to run. Defendant contends that the period began to run when defendant communicated its offer to plaintiff on July 27, 1981, to take early retirement or face dismissal. Plaintiff, on the other hand, argues for one of two dates: either August 19, 1981, when plaintiff signed a release and an agreement to take early retirement or on January 31, 1982, when his employment with defendant officially ended. The Court is governed by recent Supreme Court authority in deciding this issue in defendant's favor.
In Delaware State College v. Ricks, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), the Supreme Court held that the similar 180 day period of Title VII begins to run when an allegedly discriminatorily motivated *1047 decision to terminate an employee is made and communicated to the employee, notwithstanding the employee's continuing work for the employer up to the date of termination. Id. at 259, 101 S.Ct. at 503. Thus, when a decision to terminate an employee is made and communicated to the employee in advance of the termination date, the employee, if he believes the decision is the product of discrimination, must file a charge within 180 days of the date on which he learns of the decision. The decision, explained the Court, is the discriminatory conduct, and the termination merely the result of it. See also Chardon v. Fernandez, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981). The Ricks decision subsequently has been applied by several courts to ADEA cases similar to the one at bar. See e.g., Aronsen v. Crown Zellerbach, 662 F.2d 584, 593 (9th Cir.1981); Anness v. United Steelworkers of America, 26 Fair Empl. Prac. Cases 1340 (N.D.Ohio 1981).
Exhibit two, incorporated into plaintiff's complaint, demonstrates that on July 27, 1981, defendant conveyed to plaintiff its decision to allow plaintiff to choose early retirement or face dismissal. Accordingly, Ricks dictates that the 180 day charge-filing period began to run on this day. Plaintiff's charge, filed on February 16, 1982, is thus untimely, and plaintiff's complaint will be dismissed.[1]
In accordance with the foregoing,
IT IS HEREBY ORDERED that defendant's motion to dismiss be and is GRANTED.
IT IS FURTHER ORDERED that plaintiff's complaint be and is DISMISSED with prejudice.
NOTES
[1] Plaintiff's attempts to distinguish the Supreme Court's holdings in Ricks and Chardon are not persuasive. Further, plaintiff contends that if the Court holds his charge to be untimely filed, the action should not be dismissed because the 180 day period is subject to equitable tolling in this case. Plaintiff, however, has come forward with no facts that would justify application of the doctrine of equitable tolling in this matter. Needham v. Beecham, 515 F.Supp. 460, 468 (D.Maine 1981) (burden is on plaintiff to show circumstances warranting application of doctrine of equitable tolling).