**Robert J. MOGLEY, Appellant,**

v.

**CHICAGO TITLE INSURANCE CO., Appellee.**

**No. 83–1069.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1983.

Decided Oct. 21, 1983.

---

* Edward Dumbauld, Senior United States District Judge for the United States District Court for the Western District of Pennsylvania, sitting by designation.

Kaveney, Fleming, Russell, Beach & Mittleman, Lawrence J. Fleming, Thomas F. Flynn, Clayton, Mo., for appellant.

William R. Sullivan, Jr., and Joan McAvinn Gale, Chicago, Ill., and Michael P. Casey, St. Louis, Mo., for appellee.

Before BRIGHT, ARNOLD and FAGG, Circuit Judges.

PER CURIAM.

Robert J. Mogley brought this action against his former employer, Chicago Title Insurance Company, seeking damages for unlawful termination of employment under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* The district court dismissed the action because Mogley's complaint indicated that he had failed to file a charge of employment discrimination with the Equal Employment Opportunity Commission within 180 days of the alleged discriminatory act. 553 F.Supp. 1045. On appeal from the judgment of dismissal, we affirm.

The pleadings disclose that on July 27, 1981, the company notified Mogley that the St. Louis office where Mogley worked would close on July 31, 1981, and that Mogley's employment would then terminate. In that letter, he was given the option of accepting early retirement. Mogley elected early retirement and executed an agreement with the company dated August 19, 1981, which required him to accept early retirement as of January 31, 1982. Mogley filed his age discrimination claim with the EEOC on February 16, 1982, more than 180 days after the letter notifying him of his termination, but within 180 days of both signing the agreement with the company and actually being terminated.

The district court determined that July 27, 1981, was the operative date for purposes of limiting the cause of action. The 180-day period begins to run when the allegedly improperly-motivated decision to terminate an employee is made and communicated to the employee, notwithstanding that the employee continues working until some later date. *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). *See Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981); *Aronsen v. Crown Zellerbach,* 662 F.2d 584, 593 (9th Cir.1981); *Anness v. United Steelworkers of America,* 26 FEP Cases 1340 (N.D.Ohio 1981). Thus, the district court decision is supported by case law.

Appellant Mogley contends that the doctrine of estoppel should toll the 180-day period of limitation, but fails to identify facts justifying estoppel. Mogley's argument that he might have been denied substantially increased retirement benefits if he had filed a complaint with the EEOC before January 31, 1982, will not support equitable estoppel. In the July 27, 1981 letter from the company, Mogley was presented with a clear choice: accepting termination as of July 31, 1981, and receiving those benefits to which he was entitled on that date, or remaining on the payroll until January 31, 1982, when he would become eligible for substantially increased

benefits. Mogley was not *entitled* to the additional retirement benefits as a matter of course; rather, this latter option was contingent on Mogley signing an agreement that released the company from potential liability as a result of his termination. This is certainly not a case where the employer lulled the employee into forgoing a timely filing by, for example, holding out the possibility of reinstatement. Mogley is correct in his assertion that had he filed his EEOC complaint prior to January 31, 1982, he risked losing the increased benefits. But this is only because he had agreed not to file a complaint in order to become entitled to those benefits.

The discrimination, if any, occurred when the company gave Mogley the option of accepting termination or remaining on the payroll until he was entitled to early retirement. Appellant cites no persuasive authority in the case law that an employer's holding out of alternatives to the employee—here termination or early retirement—and the employee's acceptance of the most favorable terms offered constitute a basis for tolling of the limitations period.

Accordingly, for the reasons set forth herein, we affirm.