**Hugo MONNIG, Jr., et al.,**

**v.**

**KENNECOTT CORPORATION, et al.**

**No. Civ. B–84–161 (PCD).**

United States District Court,
D. Connecticut.

March 1, 1985.

[redacted]

Burton M. Weinstein, Weinstein & Weiner, Bridgeport, Conn., for plaintiffs.

Paul E. Knag, Cummings & Lockwood, Stamford, Conn., for defendants.

## RULING ON MOTION TO DISMISS

DORSEY, District Judge.

*Background*

Plaintiffs brought this action against Kennecott Corporation (Kennecott) and the Standard Oil Company (Sohio) under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a), alleging discrimination in the termination of their employment by not rehiring them and by hiring younger attorneys to fill their positions, by denying them certain severance benefits, and by misleading them to believe they would be retained. Defendants also allegedly failed to post the statutorily required notices of employees' rights under ADEA.

Defendants have moved to dismiss, Fed. R.Civ.P. 12(b)(6), on the ground that the complaint is time barred. For the reasons set forth below, the motion is denied.

*Facts*

The three plaintiffs, William C. Tubman, John Sniado and Hugo Monnig, Jr., were the three oldest members of the six staff lawyers in Kennecott's legal department. In June of 1981, Kennecott merged with Sohio. In a bulletin dated September 21, 1981, and a "form letter" dated October 27, 1981, Kennecott informed all personnel that changes would be occurring within the organization's structure. The letter expressed defendants' belief that there would not be a continuing career opportunity for plaintiffs at Kennecott/Sohio. However, the letter requested plaintiffs to stay on for the "next several months." (Exhibits B & C). In the belief that they would be retained, plaintiffs continued in Kennecott's employ.

On March 30, 31, and April 16, 1982, plaintiffs, respectively, received 30-day termination letters. Plaintiffs had then been employed by Kennecott for from 12 to 21

years and assert they were qualified and willing to remain in the new organization. On September 17, 24, and October 8, 1982, plaintiffs, respectively, filed complaints with the Connecticut Commission on Human Rights and Opportunities, and the Equal Employment Opportunity Commission (EEOC), in which they charged Kennecott with age discrimination. On March 12, 1984, plaintiffs brought this action seeking damages for alleged unlawful termination under ADEA. 29 U.S.C. §§ 621 *et seq.*

The ADEA requires a person claiming discrimination to file with an appropriate state agency or the EEOC within 300 days of the discrimination.[1] The issue presented by defendants' motion is whether the filing period began to run on October 27, 1981, when plaintiffs were informed of potential organizational changes, or on March 30, 1982, when plaintiffs were given notice of termination.

*Discussion*

Defendants have submitted affidavits and documents in support of their motion. In opposition, plaintiffs have also submitted documents and affidavits. If matters outside the pleadings are considered by the court, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b).

A motion for summary judgment cannot be granted if there is a "genuine issue as to any material fact." Fed.R.Civ.P. 56(c). *See Schwabenbauer v. Board of Education,* 667 F.2d 305, 313 (2d Cir.1981). Plaintiffs have submitted documents and affidavits which set forth "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "The burden is on the moving party 'to demonstrate the absence of any material factual issue genuinely in dispute.'" *American Int'l Group, Inc. v. London American Int'l Corp.,* 664 F.2d 348, 351 (2d Cir.1981), quoting *Heyman v. Commerce & Indust. Ins. Co.,* 524 F.2d 1317, 1319–20 (2d Cir.1975). Moreover, there must be no controversy as to inferences which may be drawn from the record. *Phoenix Savings & Loan, Inc. v. Aetna Cas. & Sur. Co.,* 381 F.2d 245, 249 (4th Cir.1967). In determining whether or not there is a genuine factual issue, the court must "resolve all ambiguities and draw all reasonable inferences against the moving party." *Schwabenbauer,* 667 F.2d at 313; *see also United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (*per curiam*); *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980).

■ For notice of termination to commence the ADEA filing period, it must articulate the termination as the "official position" of the employer. *Delaware State College v. Ricks,* 449 U.S. 250, 262, 101 S.Ct. 498, 506, 66 L.Ed.2d 431 (1980); *accord Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981).[2] Defendants claim that plaintiffs were given unequivocal notice of termination on October 27, 1981, that the letters plaintiffs received on that date clearly expressed defendants' decision to terminate plaintiffs' employment. Defendants claim these letters to be analogous to one received by the plaintiff in *Ricks,* 449 U.S. 250, 101 S.Ct. 498, where a college professor was informed that he was denied tenure. However, he was "of-

---

1. Connecticut law prohibits age discrimination. Conn.Gen.Stat. § 46a–60. Connecticut has also established a state agency to award relief for age discrimination, the Commission on Human Rights and Opportunities. Conn.Gen.Stat. §§ 46a–52–46a–57; 46a–82–46a–96. This makes Connecticut a "deferral state." Title 29 U.S.C. § 633(b) provides that 60 days must elapse after state proceedings are commenced, unless terminated earlier, before an action can be brought under § 626. Section 626(d)(2), 29 U.S.C., requires that, in a deferral state, an action must be filed with the EEOC "within 300 days after the *alleged unlawful practice occurred,* or within

30 days after receipt by the individual of notice of termination of proceedings under state law, whichever is earlier." (Emphasis added).

2. *Ricks* and *Chardon* were Title VII actions. However, they have consistently been applied to ADEA cases. *Mogley v. Chicago Title Ins. Co.,* 553 F.Supp. 1045 (E.D.Mo.), *aff'd,* 719 F.2d 289 (8th Cir.1983); *Yokum v. St. Johnsbury Trucking Co.,* 595 F.Supp. 1532 (D.Conn.1984); *Lutz v. Association Films, Inc.,* 552 F.Supp. 985 (S.D.N.Y.1982).

fered a 'terminal' contract to teach one additional year." *Id.* at 253, 101 S.Ct. at 501. The Supreme Court held that the filing period "commenced-at the time the tenure decision was made and communicated to Ricks." *Id.* at 258, 101 S.Ct. at 504. The Court rejected plaintiff's claim that the filing period began to run at the expiration date of the contract. *Id.* at 256, 258, 101 S.Ct. at 503, 504.

The letter in *Ricks* can be distinguished from the letter in this case, since it characterized itself as the "official position" of the Board. *Id.* at 261, 101 S.Ct. at 505. Here, the October 27, 1981, letter does not express whether it is the official position of Kennecott/Sohio. (Exhibits B & C). In fact, the use of the words "do not believe" suggests a tentative quality to the thought expressed. *Id.* The *Ricks* Court suggested that a tentative decision to terminate could not be the official position of the employer. 449 U.S. at 261, 101 S.Ct. at 505.

 To constitute a notice of termination, a specific date on which employment will be discontinued must be stated. *See Chardon,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981); *Leite v. Kennecott Copper Corp.,* 558 F.Supp. 1170 (D.Mass.1983). The Supreme Court in *Chardon* relied on *Ricks* in deciding when a limitation period begins to run. *Chardon,* 454 U.S. at 7, 102 S.Ct. at 28. The period began to run when "each [employee] was notified by letter that his appointment would terminate at a specified date." *Id.* at 7, 102 S.Ct. at 28. Defendants' October 27, 1981, letter set no date for the termination of plaintiffs' employment. *See* Exhibits B & C.

 Plaintiffs also contend that defendants gave a false reason for their termination. If this is true, an issue exists as to whether equitable tolling would be appropriate, even if the October 27, 1981, letter was construed as giving notice of termination. A filing period "does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Reeb v. Economic*

*Opportunity Atlanta, Inc.,* 516 F.2d 924, 930 (5th Cir.1975).

 Plaintiffs further allege that equitable tolling applies since the defendants allegedly gave them reason to believe they would be retained. These facts have been recognized as a basis for equitable tolling. *See Franci v. Avco Corp.,* 538 F.Supp. 250, 254 (D.Conn.1982); *Franci v. Avco Corp.,* 460 F.Supp. 389, 397 (D.Conn.1978); *see also Bonham v. Dresser Industries, Inc.,* 569 F.2d 187 (3d Cir.1977), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). An employee should not have to jeopardize his chance of being rehired by filing an age discrimination charge against his employer, if the employer encourages the employee to believe he will be rehired. *Franci,* 538 F.Supp. at 254.

For the above mentioned reasons, defendants have not shown conclusively that the October 27, 1981, letter constituted notice of termination to plaintiffs. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Nor did defendants meet their burden of showing they did not mislead. Since genuine issues of material fact exist, the motion is denied.

SO ORDERED.