United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1603

_____

Rosemary Schlueter,               *
                                    *

        Plaintiff - Appellant,     *
                                    *   Appeal from the United States
    v.                         *   District Court for the Eastern
                                    *   District of Missouri.
Anheuser-Busch, Inc., a Corporation,  *
                                    *

        Defendant - Appellee.    *

_____

Submitted:  September 11, 1997
Filed:  January 6, 1998

_____

Before  RICHARD S.  ARNOLD, Chief Judge, FLOYD R.  GIBSON  and  BEAM,
Circuit Judges.

_____

FLOYD R. GIBSON, Circuit Judge.

Appellant Rosemary Schlueter filed suit against her employer Anheuser-Busch, Inc. ("Anheuser") alleging discrimination based on her sex, see 42 U.S.C. §§ 2000e - 2000e-17 (1994) ("Title VII"), and age, see 29 U.S.C. §§ 621-634 (1994) ("ADEA"). The district court granted summary judgment in favor of Anheuser after determining that Schlueter did not file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged act of discrimination as required by Title VII and the ADEA.  See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d).   Schlueter appeals claiming that the district court should have

determined that her EEOC Intake Questionnaire, which she filed with the EEOC within the 300-day period, was a valid charge of discrimination. Schlueter alternatively argues that the district court should have tolled the 300-day filing period based on equitable considerations. We affirm in part and reverse in part.

I.    BACKGROUND

Schlueter worked for Anheuser in various capacities from 1951 through 1955 and again from 1965 through April 23, 1993. Schlueter announced her retirement in early April of 1993. She claims that her decision to retire was brought on by intolerable discrimination based on her sex and age. Schlueter's last day of work with Anheuser was April 23, 1993; however, she used earned vacation time to extend her official date of retirement to May 31, 1993.

Schlueter spoke with an attorney on January 27, 1994.[1] The attorney advised Schlueter to go to the EEOC office to file a charge of discrimination. On January 28, 1994, Schlueter went to the EEOC office for the express purpose of filing a charge. Schlueter communicated her intent to EEOC employee, Lynn Morgan. Morgan directed Schlueter to complete an Intake Questionnaire which Schlueter did. Schlueter's Questionnaire indicates that her last day of employment was May 31, 1993, but reports that the most recent date of alleged discrimination was in April of 1993. Schlueter's Questionnaire states her belief that she was discriminated against because she is a woman. Specifically, Schlueter's Questionnaire states: "Superior did not get along with women. He told me that a woman should not be in my position. He made my life so intolerable that I was forced to retire." See Schlueter's App. at 63.

---

[1]Schlueter also called an attorney in November of 1993 to schedule an appointment to discuss her claims. The attorney told her he would be available to meet with her after the first of the year. Sadly, the attorney passed away the day after Thanksgiving. The record contains no indication that Schlueter ever discussed the circumstances of her case with this attorney.

Schlueter's Intake Questionnaire does not contain any allegation that she was discriminated against based on her age.

When Schlueter completed her Intake Questionnaire, Morgan advised her that she would have to return to the EEOC to complete more paperwork. Morgan scheduled an appointment for Schlueter to meet with EEOC employee Althea Bolden on February 24, 1994. When Schlueter left the EEOC office on January 28, she believed she had done everything necessary to file a charge of discrimination. Schlueter met with Bolden on February 24, and Bolden requested that she complete an official charge of discrimination. Schlueter filled out the charge, noting that Anheuser discriminated against her based on sex and age. The EEOC issued a right-to-sue letter on November 30, 1995.

On April 11, 1996, Schlueter filed Title VII and ADEA claims against Anheuser. Anheuser filed a motion for summary judgment claiming that Schlueter failed to file a timely charge with the EEOC because, using April 23, 1993 as the last date of alleged discriminatory action, Schlueter's charge was due February 18, 1994, but Schlueter did not file her charge until February 24. Schlueter countered Anheuser's motion with three arguments: (1) the 300-day filing period did not begin to run until March 31, 1993, because that was her last official day of employment; (2) she filed a valid charge on January 28, 1994, when she filed her Intake Questionnaire because, under 29 C.F.R. §§ 1601.12(b), 1626.8(c) (1997), her formal charge of February 24, 1994, relates back to the date she completed her Intake Questionnaire; and (3) the 300-day filing period should be tolled based on equitable considerations. The district court rejected each of these arguments and granted Anheuser's motion for summary judgment.

Schlueter appeals arguing that her charge was timely because, when she filed it on February 24, 1994, it related back to the filing of her Intake Questionnaire on January 28, 1994. Schlueter also contends that the district court erred when it refused

to apply the doctrine of equitable tolling to the 300-day filing period. We affirm in part and reverse in part.

## II. DISCUSSION

We review a grant of summary judgment de novo. See Hamilton v. West, 30 F.3d 992, 993 (8th Cir. 1994). "Summary judgment is proper if, based on the pleadings and affidavits, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." Id. "In reviewing the district court's grant of summary judgment, we view the facts in the light most favorable to the nonmoving party." Id.

We first discuss Schlueter's Title VII claim. Schlueter contends that the district court should not have granted summary judgment on her Title VII claim because she completed her Intake Questionnaire within the 300-day filing period. Schlueter reasons that when she filed her charge on February 24, 1994, the charge related back to the January 28 completion of her Intake Questionnaire; therefore, the charge was timely based on the initial filing of her Intake Questionnaire. Schlueter's argument appears well taken. Nonetheless, we are bound by Eighth Circuit case law which holds that "[i]n Title VII cases, intake questionnaires do not satisfy the statutory requirements for a charge because they are not verified."[2] Diez v. Minnesota Mining and Mfg. Co., 88 F.3d 672, 675 (8th Cir. 1996). See also Hodges v. Northwest Airlines, Inc., 990 F.2d 1030, 1032 (8th Cir. 1993). But cf. 29 C.F.R. § 1601.12(b) (1997) ("A charge may be amended to cure technical defects or omissions, including failure to verify the charge."). Because Schlueter's Intake Questionnaire did not amount to a charge of discrimination under Title VII, her formal charge of February 24, 1994 could not relate back to the filing of the Intake Questionnaire.

---

[2]Title VII commands that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the [EEOC] requires." 42 U.S.C. § 2000e-5(b) (1994).

Schlueter also argues that the district court should have applied the doctrine of equitable tolling to the 300-day filing period. We agree. "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); accord Warren v. Department of Army, 867 F.2d 1156, 1159 (8th Cir. 1989). "[E]quitable tolling is premised on the plaintiff's excusable neglect, which may or may not be attributable to the defendant." Anderson v. Unisys Corp., 47 F.3d 302, 306 (8th Cir.), cert. denied, 116 S. Ct. 299 (1995). After a careful review of the record, we conclude that Schlueter's failure to file a charge within the 300-day filing period was due to excusable neglect.

Schlueter went to the EEOC office on January 28, 1994 for the express purpose of filing a charge of discrimination. She told EEOC employee Morgan she intended to file a charge. With knowledge of Schlueter's intent, Morgan gave her an Intake Questionnaire rather than a charge form. Morgan then requested that Schlueter return to the EEOC office on February 24, 1994. There is evidence in the record which tends to show that the EEOC used the date of May 31, 1993 (Schlueter's last day of employment), rather than April 23, 1993 (the last day of alleged discriminatory action), to calculate when the 300-day filing period would expire. Evidence also exists which indicates that the EEOC considered Schlueter's Intake Questionnaire to be a valid charge (or believed that her charge would relate back to the completion of the Intake Questionnaire). Whichever of these beliefs the EEOC may have held, they were mistaken, and we will not hold Schlueter responsible for the EEOC's mistake. Cf. Jennings v. American Postal Workers Union, 672 F.2d 712, 715 (8th Cir. 1982).[3]

_____

[3]The court in Jennings was particularly persuaded by the fact that the complainant was not represented by counsel. Jennings, 672 F.2d at 715. Certainly, unrepresented complainants are more likely to be misled by the EEOC or their employer than are those who are represented. Nonetheless, in this case, Schlueter's

Schlueter left the EEOC office with the belief that she had done everything necessary to file a charge. Under the circumstances of this case, her belief was reasonable.[4] Therefore, we conclude that the doctrine of equitable tolling should apply, and we reverse the district court's grant of summary judgment on Schlueter's Title VII claim.

We now turn to Schlueter's arguments concerning her ADEA claim. The ADEA does not require that charges be verified. However, in Diez, this Court stated that "the EEOC does not intend the [intake] questionnaires to routinely function as [charges]." 88 F.3d at 676. Whether a plaintiff intended an Intake Questionnaire to function as a charge must be decided on a case-by-case basis. In each case, we ask whether "the circumstances indicate that the claimant intended to activate the machinery of the ADEA by lodging the questionnaire with the agency." Id. In this case, Schlueter's Intake Questionnaire did not indicate that she intended to file a charge of discrimination under the ADEA because it did not contain an allegation of discrimination based age. The only allegations made in Schlueter's Intake Questionnaire relate to discrimination

---

representation did not prevent her from being misled by the EEOC. Cf. Cobb v. Stringer, 850 F.2d 356, 357, 360 (8th Cir. 1988) (applying the doctrine of equitable tolling when the complainant's attorney advised her to file a complaint with the EEOC). The record shows that Schlueter spoke with her attorney on January 27. He told her to go to the EEOC office to file a charge, which Schlueter did. Neither Schlueter nor her attorney reasonably could have expected that the EEOC would have given Schlueter the wrong form or scheduled her second appointment with the EEOC out-of-time.

[4]Anheuser argues that, because Schlueter was generally aware of her rights, she could not claim excusable neglect based on her ignorance of the 300-day filing period. See Miller v. Runyon, 32 F.3d 386, 389 (8th Cir. 1994). However, when an agency misleads a complainant as to certain specific pleading requirements, a claimant's failure to adhere to those requirements may be excusable, and thus, equitable tolling may apply. We find that the misleading conduct of the EEOC in this case was sufficient to justify Schlueter's neglect. See Anderson, 47 F.3d at 306-07; Early v. Bankers Life & Casualty Co., 959 F.2d 75, 81 (7th Cir. 1992).

based on sex. EEOC employee Morgan took notes pertaining to her January 18, 1994 meeting with Schlueter. Morgan's notes seem to indicate that Schlueter may have intended to make a claim of age discrimination. However, our inquiry focuses on the contents of the Intake Questionnaire itself. Id. ("[Do the circumstances indicate that the claimant intended to activate the machinery of the ADEA by lodging the *questionnaire* with the agency?" (emphasis added)). Schlueter completed this Questionnaire and made absolutely no claim of age discrimination. Therefore, we cannot conclude that in completing the Questionnaire she "intended to activate the machinery of the ADEA." Id.

Furthermore, we must reject Schlueter's claim that her formal charge of February 24, 1994 should relate back under 29 C.F.R. § 1626.8(c). The regulation states that "[a] charge may be amended . . . ." 29 C.F.R. § 1626.8(c) (1997). Because we have concluded that Schlueter's Intake Questionnaire was not a charge, the regulation is inapplicable. See Diez, 88 F.3d at 677.

Finally, the district court did not err in determining that the circumstances of this case do not require equitable tolling of the 300-day filing period on Schlueter's ADEA claim. Schlueter completed the Intake Questionnaire without mention of a potential age claim. We cannot conclude that Schlueter's neglect was excusable or that the circumstances warrant equitable tolling. We affirm the district court's grant of summary judgment in favor of Anheuser on Schlueter's ADEA claim.

## III.    CONCLUSION

Based on the reasons set forth in this opinion, we reverse the district court's grant of summary judgment in favor of Anheuser on Schlueter's Title VII claim. We affirm the grant of summary judgment in favor of Anheuser on Schlueter's ADEA claim.

A true copy.

Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.