[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 00-12045

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 05, 2001
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-00187-CV-4

ROBIN PIJNENBURG,

Plaintiff-Appellant,

versus

WEST GEORGIA HEALTH SYSTEM, INC.,
ELAINE JONES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(July 5, 2001)**

Before BLACK, RONEY and COX, Circuit Judges.

RONEY, Circuit Judge:

Plaintiff Robin Pijnenburg's Title VII discrimination claim was dismissed by

the district court on the ground that she failed to timely file an administrative charge

with the Equal Employment Opportunity Commission(EEOC). On appeal, plaintiff asks us to treat an "intake questionnaire" as a charge. Although the circuits are divided on the point, we hold that as a general matter an intake questionnaire is not intended to function as a charge, and there are no circumstances in this case that would require an exception to that rule. Therefore we affirm.

Plaintiff brought this action under 42 U.S.C. § 2000e *et seq.* alleging that her employer, West Georgia Health System, Inc., and her immediate supervisor, Elaine Jones, discriminated against her on the basis of sex and retaliated against her when she reported this allegation. She alleged that she was sexually harassed by Elaine Jones on August 7, 1997, and that she was fired in September because she complained.

It is settled law that in order to obtain judicial consideration of such a claim, a plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred. § 2000e-(5)(e)(1). Plaintiff concedes, as she must, that she did not timely file a verified charge as referred to in the regulations. *See* 29 C.F.R. 1601.12(a). She contends, however, that the "Interview Questions for Employment Discrimination" form which she filled out and filed with the EEOC within 180 days of the August event should be treated as a charge. The form was not sworn.

Under Title VII of the Civil Rights Act of 1964, as amended, the filing of an administrative charge with the EEOC initiates "an integrated, multi-step enforcement procedure" that enables the EEOC to detect and remedy various discriminatory employment practices. *See E.E.O.C. v Shell Oil Co.*, 466 U.S. 54, 61-62 (1984). This process includes notice to the employer within a specified time period that a charge has been filed, *see Shell Oil Co.,* 466 U.S. at 63; 42 U.S.C. § 2000e-5(b); and the commission's investigation of the charges, 466 U.S. at 63.

Section 2000e-5(b) mandates only that a charge be made in writing and under oath or affirmation. The substance and form of the charge is left to the discretion of the EEOC. Pursuant to its rulemaking authority, the EEOC promulgated and adopted a regulation which identified the minimum contents of a charge. *See* 29 C.F.R. § 1601.12(a). The regulation provides:

> Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein.

29 C.F.R. § 1601.12(b).

On this issue of first impression in this Court, we follow the circuits that have held that intake questionnaires do not satisfy the statutory requirements of an

3

administrative charge. In *Park v. Howard Univ.*, 71 F. 3d 904, 908-09 (D.C. Cir. 1995), the D.C. Circuit held that an unsworn "Private Sector Employment Pre-Complaint Questionnaire" is not the same as an EEOC charge. The court stated that to "treat Intake Questionnaires willy-nilly as charges would be to dispense with the requirement of notification of the prospective defendant, since that is a requirement only of the charge and not of the questionnaire." *Park v. Howard Univ.*, 71 F.3d at 909, quoting *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75, 80 (7th Cir. 1992).

The Eighth Circuit is in accord. *See Lawrence v. Cooper Communities, Inc*., 132 F.3d 447, 449 (8th Cir.1998)(signed, unverified Charge Information Form (CIF) with six additional handwritten pages not a charge); *Schlueter v. Anheuser Busch,* 132 F.3d 455 (8th Cir. 1998)(completed intake questionnaire for Title VII and ADEA claim). In both of these cases, however, the court tolled the filing period based on equitable considerations. *See Zipes v. Trans World Airlines*, 455 U.S. 385 393 (1982) (the "filing of a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). In *Lawrence*, the court determined plaintiff's failure to file a timely charge was due to excusable neglect: plaintiff acted under the EEOC's directions, the EEOC treated plaintiff's CIF as a charge, assigning it a charge number; and the EEOC failed to complete a formal

charge form and obtain verification until after the 180-day time period expired. *See Lawrence*, 132 F.3d at 451-52. In *Schlueter,* the plaintiff told the EEOC employee she intended to file a charge; the employee gave plaintiff an Intake Questionnaire rather than a charge form; and evidence was presented indicating that the EEOC considered the Intake Questionnaire to be a valid charge. 132 F.3d at 459. *Cf. Whitmore v. O'Connor Management, Inc.,* 156 F.3d 796, 799(8th Cir. 1998)(court rejected plaintiff's assertion that she intended answers to questionnaire to initiate proceedings where she cites to no evidence indicating that questionnaire intended to function as a charge).

In our judgment, the sounder decision is that an intake questionnaire does not constitute a valid charge under Title VII for purposes of the statute of limitations. If it were to be so, the statute and regulations could so provide. Unlike the filing of answers to the interview questions in this case, a charge, in addition to triggering the running of the statute of limitations, serves two significant functions: (1) notification to the employer that a discrimination charge has been lodged with the EEOC; and (2) initiation of the agency's investigation of the complaint. Neither of these two functions is satisfied by the filing of an Intake Questionnaire. To randomly treat this questionnaire as a charge would thwart these two objectives, and thereby render arbitrary what the agency has attempted to make uniform.

We need not decide here whether a questionnaire that otherwise contains the necessary information and the requirements for a valid charge could never be considered a charge for timeliness purposes. We simply hold that under the facts of this case, the questionnaire filed here did not meet the requirements for a validly filed charge.

In so holding, we recognize that other circuits have held to the contrary. *See Casavantes v. California State Univ.*, 732 F.2d 1441, 1443 (9th Cir.1984) (completed intake questionnaire providing "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of" sufficient to constitute a "charge," and subsequently filed charge cured defect of lack of verification); *Philbin v. General Elec. Capital Auto Lease, Inc.,* 929 F.2d 321, 323 (7th Cir.1991) (timely filed intake questionnaire sufficient to constitute charge where it is treated as charge by complainant and EEOC, a subsequently filed verified charge filed, and other factors present); *Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74, 78-79 (5th Cir.1982)(plaintiff's completed "EEOC Form 283," though unsigned and unsworn, constituted charge because it "informed the EEOC of the identity of the parties and described the alleged discriminatory conduct in enough detail to enable it to issue an official notice of charge to [the employer], thus setting the administrative machinery in motion."). *See also Blue Bell Boots, Inc. v. EEOC*, 418 F.2d 355, 357

(6th Cir. 1969) (letters from discharged employees that related detailed account of employees' experiences at the company, and which contained allegations of discharge on basis of race sufficient to constitute a charge where sworn verification occurred later).

Not until after the 180 days expired did plaintiff file two formal verified charges, the first on April 1998, and the second on June 26, 1998. Plaintiff argues that if the unverified questionnaire qualifies as a charge, these subsequently filed verified charges should be considered an amendment to the intake questionnaire that relates back to the date the questionnaire was received by the EEOC.

The law is clear that to meet the requirements of Title VII, a charge has to be verified. A charge "shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. §2000e-5(b). *See Vason v. City of Montgomery,* 240 F.3d 905 (11th Cir. 2001).

It is equally clear that a regulation of the EEOC allows a timely-filed charge to be amended for technical defects at a later date while retaining the original filing date. "Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." 29 C.F.R. §1601.12(b). Some courts have held that a subsequently filed verification will relate

7

back to the original charge and cure the fact that it was not initially verified. *See*

*Casavantes v. California State Univ.*, 732 F.2d 1441 (9th Cir.1984)(subsequently filed formal charge document cured by amendment an unsigned unverified questionnaire). One court has held that the regulation allowing relation back of a verification is invalid under the statute. *See Edelman v. Lynchburg College,* 228 F.3d 503,508 (4th Cir. 2000)(holding that 29 C.F.R. § 1601.12(b) is invalid because it thwarts the plain language of Title VII.), *pet. for cert. filed,* __U.S. __, 69 U.S.L.W. 3628 (Apr. 2, 2001). *But see Philbin v. General Elec. Capital Auto Lease, Inc.*, 929 F.2d 321, 324 (7th Cir. 1991)(upholding same regulation as not unreasonable and within EEOC's power to promulgate); *Peterson v. City of Wichita*, 888 F.2d 1307,1309(10th Cir. 1989) (accord); *Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74, 77-78 & n.3 (5th Cir. 1982)(approving regulation and noting it supports nonjurisdictional nature of verification element). *See also EEOC v. Sears, Roebuck and Co.*, 650 F.2d 14,18 (2d Cir. 1981)(addressing the question in a related context and in dicta, suggests that regulation should be read to treat failure to swear a charge as a technical defect curable by amendment).

We note that several of the cases cited by the plaintiff that have allowed subsequent verification and relation back were decided before Congress amended Title VII in 1972 to require that the charge be written under oath or affirmation. *See*

*Weeks v. Southern Bell Tel. and Tel. Co.,* 408 F.2d 228 (5th Cir. 1969); *Choate v. Caterpillar Tractor Co.*, 402 F.2d 357 (7th Cir. 1968); *Blue Bell Boots, Inc., v. EEOC*, 418 F.2d 355 (6th Cir. 1969).

Having held the questionnaire here was not a charge, we need not decide this issue. Because plaintiff's intake questionnaire does not constitute a "charge," § 1601.12(b), even if valid, does not apply to allow the relation back of plaintiff's charge to the date the EEOC received her intake questionnaire. *See Lawrence v. Cooper Communities, Inc.*, 132 F.3d 447, 449 (8th Cir.1998); *Schlueter v. Anheuser Busch,* 132 F.3d 455 (8th Cir. 1998).

Plaintiff also alleged in her complaint various pendent state law tort claims: negligent retention of an employee, tortious assault and battery, and intentional infliction of emotional distress. Having decided that plaintiff's federal claims are time-barred, the district court properly declined to exercise pendent jurisdiction over plaintiff's state law claims.

AFFIRMED.