# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3895

_____

| | | |
|---|---|---|
| Maureen A. Hutson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Wells Dairy, Inc., an Iowa Corporation, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: May 12, 2009
Filed: August 27, 2009

_____

Before RILEY, SMITH, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Maureen A. Hutson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that her former employer, Wells Dairy, Inc., terminated her because of age and sex. After the EEOC dismissed her charge as untimely, Hutson brought suit against Wells Dairy in federal court. The district court[1] granted summary judgment for Wells Dairy, concluding that Hutson did

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

not file a timely charge, and that she failed to exhaust claims of other discriminatory acts that were beyond the scope of her charge. We affirm.

## I.

The following facts are not in dispute for purposes of this appeal. Hutson was nearing ten years as a regional sales manager for Wells Dairy, when her supervisor, Michael Simmonds, asked to discuss her 2006 annual performance review. The two met on November 28, 2006, at an airport in Omaha, Nebraska. During the meeting, Simmonds informed the 59-year-old Hutson that Wells Dairy was terminating her employment. Simmonds did not give Hutson any written reasons for the decision, but he did instruct her to pack her computer and files and return them to Tiffany Millikan in Wells Dairy's human resources office. He also told Hutson to call Millikan for further information.

Hutson continued to go to work for Wells Dairy until December 1, 2006, when she was finally able to reach Millikan by phone. Millikan confirmed that Hutson's employment had been terminated, effective November 28, without the customary two weeks' notice, and advised Hutson that she would not receive any severance pay. On December 18, 2006, Millikan sent Hutson a letter explaining the reasons for her termination. The reasons related to Hutson's failure to meet the objectives of a "Last Chance Agreement," an agreement with Wells Dairy giving her a limited opportunity to improve her job performance. Wells Dairy eventually hired a 44-year-old male to replace Hutson as regional sales manager.

On September 27, 2007 – 303 days after her meeting with Simmonds – Hutson filed a charge of age discrimination against Wells Dairy with both the EEOC and the Nebraska Equal Opportunity Commission. The charge was later amended to include an allegation of sex discrimination and a more detailed description of the facts. In its final form, the charge stated:

On November 28, 2006, Michael Simmonds, [sic] informed me that I was being discharged. He also stated that he was instructed not to give me any reasons in writing. I believe I met the objectives outlined in my Last Chance Agreement/Performance Improvement Plan. I was replaced by a considerably younger, male employee.

In May 2008, the EEOC notified Hutson that her charge was dismissed because it was not timely filed. Hutson subsequently filed a complaint against Wells Dairy in federal district court, claiming that the "decision to terminate [her] employment" violated the prohibition on sex discrimination in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Nebraska's age discrimination in employment statute, Neb. Rev. Stat. § 48-1001 *et seq.* Wells Dairy moved for summary judgment. Noting that each of Hutson's claims was subject to a limitations period of 300 days for filing a charge of discrimination, Wells Dairy argued that Hutson's charge was not filed until 303 days after her termination occurred on November 28, 2006, and that her suit was therefore time-barred. In response, Hutson contended that discrimination by Wells Dairy continued through at least December 1, 2006, when she was informed that she would not receive two weeks' notice or severance pay. On the view that the limitations period did not commence until December 1 at the earliest, Hutson maintained that her charge was timely filed.

The district court granted Wells Dairy's motion for summary judgment. The court reasoned that Hutson's alleged discriminatory termination was not a violation continuing through December 1, but rather a discrete act occurring on November 28. Because Hutson's charge was not filed until September 27, 2007 – 303 days later – the court concluded that her federal and state claims of discriminatory termination were time-barred. The court also concluded that to the extent Hutson was raising claims regarding other discriminatory acts occurring on December 1, those claims had not been exhausted before the appropriate administrative agencies. Accordingly, the court dismissed Hutson's complaint.

II.

Hutson appeals the district court's grant of summary judgment on her Title VII and ADEA claims. We review the grant of summary judgment *de novo*. *Schlueter v. Anheuser-Busch, Inc.*, 132 F.3d 455, 458 (8th Cir. 1998). Because the material facts are not disputed in this appeal, summary judgment is appropriate if Wells Dairy is entitled to judgment as a matter of law. Fed R. Civ. P. 56(c).

Under Title VII, an employee aggrieved by an unlawful employment practice, who "has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice," generally must file a charge with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Similarly, under the ADEA, an aggrieved employee generally must file a charge within 300 days, if the alleged unlawful employment practice occurred "in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice." 29 U.S.C. § 633(b); *see id.* § 626(d)(1)(B). The parties agree that in the circumstances of this case, Hutson was required under Title VII and the ADEA to file a charge with the EEOC within the 300-day limitations period.

According to Hutson, however, the district court erred in determining that the limitations period with respect to her termination began running on November 28, 2006. Although Hutson acknowledges that she was notified on that date of Wells Dairy's decision to terminate her employment, she contends that the decision was part of an ongoing practice of discrimination. She asserts that this practice continued through December 1, when she was advised that she would not receive two weeks' notice or severance pay, and lasted until December 18, when Wells Dairy sent her a letter stating the reasons for her termination. Hutson thus maintains that her termination constituted a continuing violation that occurred over a period of time. She

urges that because the violation was still ongoing 300 days before September 27, 2007, her charge of discriminatory termination was timely filed. We disagree.

A termination is a discrete act, not a continuing violation. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). As such, a termination occurs – and thus triggers the start of the limitations period – on the day it happens. *Id.* at 110. That day is when the employer notifies the employee of the decision to terminate her employment. *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1328 (8th Cir. 1995); *see Del. State Coll. v. Ricks*, 449 U.S. 250, 257-58 (1980).

There is no dispute that on November 28, 2006, Wells Dairy communicated to Hutson the decision to terminate her employment. Hutson's supervisor informed her that she was being terminated, and instructed her to return company property to human resources. It is immaterial that Hutson, unsure of when her termination was to take effect, continued to work until December 1. "Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Ricks*, 449 U.S. at 257; *see Mogley v. Chi. Title Ins. Co.*, 719 F.2d 289, 290 (8th Cir. 1983) (per curiam). Once Hutson was notified by her supervisor of the decision to terminate her employment, the 300-day clock for filing a charge started to run. Because Hutson did not file with the EEOC until September 27, 2007 – 303 days after the alleged discriminatory termination occurred – her charge was untimely. The timely filing of an EEOC charge is a requirement for bringing a Title VII or ADEA suit in federal court, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Dring*, 58 F.3d at 1327, and Hutson does not argue that she should benefit from waiver, estoppel, or equitable tolling. Accordingly, Wells Dairy is entitled to judgment as a matter of law on Hutson's Title VII and ADEA claims of discriminatory termination.

Hutson argues that even if her charge was not timely with respect to the termination itself, there were other discriminatory acts that occurred within the 300-

day period before she filed. She points to her phone conversation with Millikan on December 1, when she learned that she would be denied the customary two weeks' notice and any severance pay. Hutson contends that the district court erred in granting summary judgment for Wells Dairy, because these other discriminatory acts are actionable under Title VII and the ADEA independent of her termination claims.

The district court held that Hutson's claims relating to the denial of advance notice and severance pay were beyond the scope of her charge and thus were not exhausted before the EEOC. But even assuming that these claims were "reasonably related to the substance of the allegations in the administrative charge," *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 887 (8th Cir. 1998); *see Wentz v. Md. Cas. Co.*, 869 F.2d 1153, 1154 (8th Cir. 1989), they do not appear in Hutson's complaint, which alleges discrimination only in the "decision to *terminate* [her] employment." J.A. 9-10 (emphasis added). Accordingly, Hutson has not sufficiently pleaded claims of other discriminatory acts, *see Ricks*, 449 U.S. at 257 & n.8, and the district court properly dismissed the complaint upon determining that the termination claims were time-barred.

The judgment of the district court is affirmed.

_____